## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Anne Easley<br>243 West Tulpehocken St.<br>Apt. B-305<br>Philadelphia, PA 19144<br>　　　　　Plaintiff<br>　　v.<br><br>New Century Mortgage Corporation<br>18400 Von Karman Ste 1000<br>Irvine, CA 90017<br><br>And<br><br>Deutsche Bank National Trust Co.<br>505 City Parkway West, Ste. 100<br>Orange, CA 922865<br><br>And<br><br>John Does, 1-10<br>　　　　　Defendants | CIVIL ACTION NO.:<br><br>08 4283<br><br>JURY OF TWELVE (12) JURORS DEMANDED<br><br> |

### I.　Preliminary Statement

1. This is an action for an award of attorney's fees and costs, actual, statutory, treble and punitive damages, also seeking equitable and other relief, brought under state and federal law, for Defendants' "Predatory Lending" (mortgage fraud) and civil rights violations.

2. Individually, jointly and/or severally, Defendants are liable to Plaintiffs for, but not limited to, the below causes of action and aforesaid remedies, for the reasons stated, which reasons are currently known, upon information and/or belief, and/or will be proven in discovery and/or at trial.

3. At all times material, Plaintiffs here reserve the right to rely on the "Discovery Rule" and/or the Doctrine(s) of Equitable Tolling/Fraudulent Concealment, respectively.

### II.　Jurisdiction and Venue

4. Jurisdiction in this Honorable Court is based on federal question and/or diversity conferred by 28 U.S.C. §1331 and/or 1332; Supplemental jurisdiction over state law claims is granted by 28 USC §1367.

5. Venue lies in this District in that the events giving rise to this claim occurred here, at least one (1) Defendant resides, maintains a principle place of business, and/or does business here, and/or the subject of this action is situated within this district.

### III.   Parties

6. Plaintiff, Anne Easley, is an individual, at all times material residing at the above-captioned address ( "Premises").

7. Defendant, New Century Mortgage Corporation ("Lender" and/or "Servicer"), is a corporation under and by virtue of the laws of the State of California, maintaining its principal place of business at the above captioned address, at all times material acting as Plaintiff's Mortgage Lender and/or Servicer.

8. Defendant, Deutsche Bank National Trust Company ("Assignee and/or Foreclosing Lender"), is a corporation under and by virtue of the laws of the State of California, maintaining a principal place of business at the above captioned address, at all times material acting as the Mortgage Assignee and Foreclosing Lender.

9. Defendants, John Does, 1-10, at all times material were and/or are agents, servants, work persons, employees, and/or affiliates of the above Defendants and/or liable hereunder.

10. At all times material, Defendants were acting individually, within the course and scope of their authority and employment, and/or through their agents, servants, work-persons, and/or employees, respectively.

11. At all times material, Defendants acted individually and/or on behalf of each other as agents, servants, work-persons, alter ego's, and/or employees thereof.

12. Defendants are liable to Plaintiffs, directly, indirectly, contractually, expressly, implicitly, as a matter of law and/or vicariously, including but not limited to liability via a third-party beneficiary relationship, and/or via conspiring and/or aiding and abetting.

### IV.   Statement of Claims

13. On or about around August 26, 2004, Plaintiff was a borrower and/or mortgagor allegedly subject and/or party to a refinance mortgage and note upon the Premises, originated by Defendant, New Century, and later assigned to Defendant, Deutsche ("loan"[1]).

14. Plaintiff's mortgage contained a fixed rate.

15. Plaintiff entered a Chapter 13 Bankruptcy Stipulation ("Stipulation") filed August 18, 2006. Bank; ED Pa. No.: 05-33553

16. Per the Stipulation, Defendants' were still subject to the Bankruptcy Stay, and Plaintiff was required to make monthly payments of $2,409.98.

17. Plaintiff made her monthly payments under the Stipulation.

18. Defendants, New Century, failed to credit Plaintiff's timely payments.

19. Plaintiff reported the discrepancies to Defendant, New Century, which refused to correct the problem and continually applied late fees.

20. Defendant, New Century, refused to notify credit agencies and/or correct its errors.

21. Defendant, New Century, did not correct its inadvertancies and has continued to misapply and/or fail to credit Plaintiff's payments, as well as other servicing errors such as misapplied late fees. Stipulation (*See*, Phila.C.C.P. August Term 207, No.) ("Underlying Action").

   A. Loan Assignment and/or Servicing

22. Thereafter the Closing, upon information and belief, the Loan was sold to Assignee, who is liable therefore and thereunder by written agreement and/or as a matter of law.

23. Individually, and/or jointly and/or severally, Originating Lender and/or Assignee, were responsible for maintaining and/or physically holding the Loan, which obligation was not performed, negligently, carelessly, and/or reckless performed, misrepresented, and/or otherwise in violation of their fiduciary, contractual, and legal duties, including but not limited to, failure to properly and timely record

---

[1] Upon information and belief, all documents referenced in this averment and throughout Plaintiffs' Complaint are in the possession of all defendants and herein demanded be supplied to Plaintiffs within Defendants' Initial Disclosures pursuant to F.R.C.P. 26(a).

assignments; attribute loan payments towards principle and interest (and taxes and insurance, if applicable); calculate monthly and/or pay-off payment pursuant to the terms of the Loan; assess *bona fide* and/or *reasonable* charges (such as, forced placed insurance, escrow delinquencies, private mortgage insurance, and otherwise); and/or submit notices thereof to Plaintiffs.

24. The foregoing additionally inured to Plaintiffs' ultimate detriment.

    B.    <u>Foreclosure</u>

25. On or about, August 21, 2007 Assignee, on behalf or at the behest of Originating Lender and/or itself, improperly instituted an Action in Mortgage Foreclosure ("Foreclosure"), as Plaintiff therein, arising from Plaintiff's alleged default arising out of the subject loan documents (Phila.C.C.P. August Term, 2007; No: 2360).

26. As discussed above and/or upon information and belief, Assignee lacked standing and/or jurisdiction, and/or the Foreclosure contained improper delinquency calculations that were either, as was known or should have been known to Assignee, prohibited and/or were required to be reduced, as a matter of law, pursuant to the Loan itself, the above discussed inter-related agreements and/or contracts, and/or arising from the misconduct above-discussed, additionally including but not limited to, respectively, want of proper and compliant Acts 6/91 and 120 notices, record assignment, and/or charges that were neither *bona fide* nor *reasonable* (such as court costs, attorneys and/or "collection" fees, cost for title search, cost for appraisal, late fees, and/or otherwise).

27. The Foreclosure was and/or should have been submitted to the Court upon a Verification and/or Certification (regarding truthfulness of pleadings).

28. As a result of the above, a default judgment was entered against Plaintiff which resulted in a scheduled Sheriff's foreclosure Sale ("Sale").

    C.    <u>Injuries</u>

29. As a result of the foregoing, Plaintiffs have suffered injuries including, but not limited to: (1) pain and suffering, including emotional distress and embarrassment; (2) damage to credit rating; (3) financial loss(es), including lost opportunity(ies) and/or equity; (4) loss and/or possible loss of the premises; (5) attorneys fees and court costs; and/or (6) such other and further injuries as will be determined in discovery and/or at trial, including aggravation of a pre-existing condition(s).

## V. Causes of Action

30. Paragraphs above are incorporated by reference as if fully set forth at length herein and below.

31. Plaintiff is a natural person provided with the right to defer payment of debts or to incur payment of debt and defer payment, and the credit offered or extended was primarily for personal, family and/or household purposes.

32. As a matter of law, Plaintiff and Defendants are "persons."

33. Defendants regularly extend consumer credit, six (6) or more loans per year, two (2) or more high cost mortgages per year, and/or one (1) or more of such high cost mortgages through a mortgage broker.

34. This loan was a federally related mortgage loan, made by a federally-insured depository lender, is HUD-related, and/or was intended to be sold on the secondary market or to creditors who make or invest more than one million dollars a year in residentially secured loans.

35. At all times material, Defendants misrepresented and/or omitted material facts to Plaintiffs, including the aforesaid (incorporated herein by reference) and as more further described as following but not limited to: (a) that the loan was beneficial to Plaintiff, when it was not; (b) that their fees and costs were usual and customary, when they were not; (c) that their fees and costs were a part of the finance charge and/or amount financed, when they were not; (d) that their loans were conventional and fixed, when they were not; (d) that the loan continued characteristics which it did not; and/or (d) that certain amounts were due and owing, when they were not.

A. Statutory

## COUNT I
### Fair Debt Collection Practices Act ("FDCPA")

36. At all times material, Defendants were in violation FDCPA, 15 U.S.C. §1692e(8), et seq., by threatening or communicating false credit information including the failure to communicate that a debt is disputed.

## COUNT II
### Unfair Trade Practices And Consumer Protection Law ("UTPCPL")

37. The UTPCPL proscribes, *inter alia*, engaging in any "unfair or deceptive acts and practices" either at, prior to, or subsequent to a consumer transaction.

38. The actions of Defendants constitute unfair or deceptive acts and practices under UTPCPL, additionally including, but not limited to the following, *inter alia*:

    a. Defendants misrepresented to Plaintiffs the character, extent, or amount of the debt or its status in a legal proceeding, 73 P.S. §201-3.1; 37 Pa. Code §303.3(3);

    b. Defendants engaged in fraudulent or deceptive conduct which created a likelihood of confusion or of misunderstanding, 73 P.S. §201-2(xxi);

    c. Defendants imposed credit costs expressly prohibited by Federal and Pennsylvania law, and failed to comply as herein described as well as with TILA, HOEPA, RESPA, all of which are per se violations of the UTPCPL;

    d. Defendants misrepresented to Plaintiffs that the loan would be beneficial when in fact it was not; and Defendants knew it was not, 79 P.S. §202-1(v); and

    e. Defendants misrepresented the characteristics or benefits of the loan.

## COUNT III
### Violation of the Bankruptcy Code

39. The aforesaid constitutes a violation of 11 U.S.C. 524(i) for Defendants' willful failure to credit payments received under 11 U.S.C. 524(a)(2).

## COUNT IV
### Violations Of Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA")

40. Defendants sent communications or communicated with Plaintiff in an attempt to collect a debt as defined by 73 Pa.C.S. §2270.3, in violation of the Fair Credit Extension Uniformity Act ("FCEUA"), 73 Pa. C.S. §2270.1 et seq., and the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa.C.S. 201-1, et seq.

41. Defendants are "debt collectors" or "creditors" pursuant to 73 Pa.C.S. §2270.3.

42. Violations of the FCEUA are a per se violations of the UTPCPL.

43. The aforesaid actions of Defendants constitute unfair methods of competition and/or unfair and deceptive acts and practices within the meaning of the FCEUA and UTPCPL, and by and through the following actions, *inter alia*:

   a. Using unfair and unconscionable collection methods;

   b. Giving a false impression of the character, amount or legal status of the alleged debt;

   c. Using false and deceptive collection methods;

   d. Making threats and/or taking illegal action; or

   e. Otherwise using false, deceptive, misleading, and unfair and unconscionable means to collect and/or attempt to collect a debt.

## COUNT V
### Violation of Act 6/91

44. The aforesaid and the failure or strict form compliance herewith constitutes violations of P.S. §403, et seq. ("Act 6") and 35 P.S. §1680.401c, et seq. ("Act 91").

## COUNT VI
### Violation Of Civil Rights (§1983)

45. To perpetuate their misconduct, Defendants made use of the Court of Common Pleas, Prothonotary, and/or Sheriff.

46. The Prothonotary, Sheriff and Court are state actors per 42 U.S.C. §1983, et seq.

47. Defendants' willful, reckless and malicious actions were made in an effort to deprive Plaintiffs of their rights as set forth above and pursuant to U.S.Const.Amend. I, IV and XIV.

## COUNT VII
### Wrongful Use ("Dragonetti")

48. At all times relevant hereto, Defendants commenced, continued and/or prosecuted the Foreclosure primarily for a purpose other than that of securing proper discovery or adjudication of the claim in which the proceedings were based.

49. At all times relevant hereto, Defendants acted in a grossly negligent manner in commencing, continuing and/or prosecuting the Foreclosure.

50. At all times relevant hereto, Defendants acted maliciously and for the primary purpose of harassing Plaintiff by the commencement, continuation and prosecution of the Foreclosure.

51. At all times relevant hereto, Defendants intentionally and implicitly misrepresented the material facts of the Foreclosure.

52. Defendants are liable to Plaintiff for her losses, expenses and damages pursuant to 42 Pa.C.S.A. 8351 et seq., titled Wrongful Use of Civil Proceedings.

## COUNT VIII
### Abuse/Misuse process

53. Via the foreclosure and/or with in the bankruptcy (above discussed), Defendants commited and Abuse and/or misuse ag process.

    B. Common Law

        1. Fraud/Fraudulent Misrepresentation;

        2. Breach of Contract;

        3. Negligence/Negligent Misrepresentation; and

        4. Slander of Title and Credit Defamation

**VI. Prayer for Relief**

**WHEREFORE**, Plaintiff requests this Honorable Court enter judgment in her favor and against Defendants, individually, jointly and/or severally, in an amount in excess of seventy-five thousand dollars ($75,000), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

a. Rescission of the loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed by Defendants;
b. Termination of any security interest in Plaintiff's property which may have been created under the loan;
c. Return of any money or property given by Plaintiff to anyone, including Defendants, in connection with the transaction;
d. Statutory damages;
e. Forfeiture and return of loan proceeds;
f. Damages, including;
   i. Actual damages;
   ii. Treble damages;
   iii. Attorneys fees and expenses, and costs of suit; and
   iv. Punitive Damages.

                  PROCHNIAK WEISBERG, P.C.

                  /s/ Matthew B. Weisberg, Esquire
                  MATTHEW B. WEISBERG, ESQUIRE
                  REBECCA M. STEIGER, ESQUIRE
                  Attorney for Plaintiff