IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNE EASLEY, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | NO. 08-4283 |
| v. | : | |
| | : | |
| NEW CENTURY MORTGAGE CORP. and | : | |
| DEUTSCHE BANK NATIONAL TRUST CO. | : | |
| | : | |

**<u>ORDER</u>**

AND NOW, this        day of           , 2008, upon consideration of Defendant Deutsche Bank National Trust Company's Motion to Dismiss Plaintiff's Complaint, it is hereby Ordered that Deutsche Bank National Trust Company's Motion is GRANTED and Plaintiff's Complaint is DISMISSED.

BY THE COURT:

_____

1394138v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNE EASLEY, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | NO. 08-4283 |
| v. | : | |
| | : | |
| NEW CENTURY MORTGAGE CORP. and | : | |
| DEUTSCHE BANK NATIONAL TRUST CO. | : | |
| | : | |

## DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Deutsche Bank National Trust Company, by and through its undersigned counsel, hereby moves to dismiss all Counts of Plaintiff's Complaint pursuant to Fed.R.C.P. 12(b)(6), inasmuch as each Count fails to state a cause of action for which relief can be granted against Defendant Deutsche Bank National Trust Company. In support thereof, Deutsche Bank hereby incorporates its Memorandum of Law as though fully set forth herein at length.

WHEREFORE, Defendant Deutsche Bank National Trust Company respectfully requests that the Honorable Court grant its Motion and dismiss Plaintiff's Complaint in its entirety.

        Kaplin Stewart Meloff Reiter & Stein, P.C.

        /s/ Sandhya M. Feltes    #3018
        Sandhya M. Feltes, Esq.
        Union Meeting Corporate Center
        910 Harvest Drive
        Blue Bell, PA 19422
        (610) 941-2561
        (610) 684-2011 fax
        Attorney for Defendant Deutsche Bank National Trust Co.

1394138v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNE EASLEY, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | NO. 08-4283 |
| v. | : | |
| | : | |
| NEW CENTURY MORTGAGE CORP. and | : | |
| DEUTSCHE BANK NATIONAL TRUST CO. | : | |
| | : | |

**DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S MEMORANDUM <u>OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

Defendant Deutsche Bank National Trust Company (hereinafter "Deutsche Bank")[1], respectfully submits its Memorandum of Law in support of Defendant's Motion to Dismiss Plaintiff's Complaint. Inasmuch as Plaintiff's Complaint fails to sufficiently allege any causes of action against Defendant Deutsche Bank, each and every Count of Plaintiff's Complaint should be dismissed.

**I.      STATEMENT OF FACTS**

This action arises out of a mortgage loan obtained by Plaintiff from New Century Mortgage Corporation (hereinafter "New Century") in or around August, 2004. The Mortgage and Note were subsequently sold and assigned by New Century to Deutsche Bank. Deutsche Bank had no involvement in the loan origination or loan closing.

---

[1] The correct name of the entity holding Plaintiff's mortgage is: Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2004-3.

1

On September 29, 2005, Plaintiff filed for bankruptcy protection in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania.[2] On August 6, 1006, Plaintiff and Deutsche Bank entered into a Stipulation which was approved by the Bankruptcy Court.[3] Pursuant to the Stipulation, Plaintiff agreed to make arrearage payments and regular monthly mortgage payments to Deutsche Bank. Plaintiff agreed that she owed the amounts identified in the Stipulation.

In contravention to the Stipulation, Plaintiff failed to make her regular mortgage payments for February and March, 2007. As a result, Deutsche Bank filed a Certification of Default, expressly stating that Plaintiff failed to make the aforesaid mortgage payments and requesting that the Bankruptcy Court lift the automatic stay.[4] Plaintiff did not oppose the Certification of Default.[5]

On April 20, 2007, the Bankruptcy Court granted Deutsche Bank relief from the Automatic Stay and expressly allowed Deutsche Bank to proceed with a mortgage foreclosure action against Plaintiff's property at 114 West Washington Lane, Philadelphia.[6]

In accordance with the Bankruptcy Court's Order, Deutsche Bank instituted a mortgage foreclosure action against Plaintiff in the Court of Common Pleas of Philadelphia County on August 21, 2007.[7] Plaintiff failed to respond to, or defend against, the mortgage foreclosure action. As a result, a default judgment in mortgage

---

[2] *In re: Easley*, No. 05-33553
[3] The Stipulation is attached hereto, incorporated herein and marked as Exhibit "A".
[4] The Certification of Default is attached hereto, incorporated herein and marked as Exhibit "B"
[5] The dockets of Plaintiff's Bankruptcy action are attached hereto, incorporated herein and marked as Exhibit "C".
[6] The Bankruptcy Court Order Modifying Section 362 Automatic Stay is attached hereto, incorporated herein and marked as Exhibit "D".
[7] The dockets of the mortgage foreclosure action are attached hereto, incorporated herein and marked as Exhibit "E".

1394138v.1

foreclosure was entered against Plaintiff. On June 16, 2008, the property was sold at sheriff's sale to Deutsche Bank.

On September 5, 2008, Plaintiff instituted the instant action. By way of this lawsuit, Plaintiff asks this Court: (1) to rescind a mortgage loan after a state court has deemed the mortgage loan valid; (2) set aside a sheriff's sale, where Plaintiff failed to take any such action in state court; and (3) award damages for causes of action which do not state viable or cognizable claims against Deutsche Bank. Plaintiff's Complaint, therefore, should be dismissed.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a party to seek dismissal of a pleading which fails to state a claim upon which relief can be granted. A motion to dismiss under Fed.R.C.P. 12(b)(6) admits the well pleaded allegations in the Complaint, but denies their legal sufficiency. Fed.R.C.P. 12(b)(6) Pagnotti Enterprises, Inc. v. Beltrami, et al, 787 F.Supp. 440, 443 (E.D.Pa.1992). However, the Court need not assume that the plaintiff can prove facts that were not alleged in the complaint. *See* City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 263 (3d Cir.1998). Nor should the Court give credit for a complaint's "bald assertions" or "legal conclusions." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997).

Unsupported conclusions without a factual basis and sweeping conclusions of law cannot be utilized by a plaintiff to dismiss a motion to dismiss. Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir.1991), *cert denied*, 112 S.Ct. 1475 (1992); Randolph County Federal Savings & Loan Assn v. Sutliffe, 775 F.Supp. 1113, 1115-16 (S.D.Ohio 1991). In order to avoid dismissal, a plaintiff must plead "enough facts to state a claim for relief

that is **plausible on its face**." Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955, 1965 (2007). To survive a motion to dismiss, a complaint must contain more than "labels and conclusions;" rather the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965.

The complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984), *cert denied*, 470 U.S. 1054 (1985); In re Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981), *cert. dismissed*, 462 U.S. 1125 (1983).

### III.   ARGUMENT

Plaintiff's Complaint does not state any viable claims against Deutsche Bank. First, and foremost, the District Court does not have jurisdiction over the claims asserted or the relief requested by Plaintiff. Under the *Rooker-Feldman* Doctrine, the District Court must refrain from reviewing or reversing the mortgage foreclosure judgment entered by the Philadelphia Court of Common Pleas.

Second, Plaintiff's Complaint fails since the claims are barred by the principals of *res judicata* and *collateral estoppel*. Each of Plaintiff's claims are premised on issues that have been addressed and resolved by other Courts in Deutsche Bank's favor.

Third, Plaintiff's Section 1983 claim must be dismissed as Deutsche Bank is not a state actor and the mortgage foreclosure lawsuit is not a "state action".

### A.   THE FEDERAL COURT DOES NOT HAVE JURISDICTION UNDER THE ROOKER-FELDMAN DOCTRINE

Under the *Rooker-Feldman* doctrine, "lower federal courts may not sit in direct review of the decisions of a state tribunal." Gulla v. North Strabane Township, 146 F.3d 168, 171 (3d Cir.1998). Because jurisdiction to review a state court's decision rests solely in the United States Supreme Court, federal district courts lack subject matter jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." D.C. Court of Appeals v. Feldman, 460 U.S. 462, 486, 103 S.Ct. 1303, 1317, 75 L.Ed.2d 206 (1983). *See also*, 28 U.S.C. § 1257.

The *Rooker-Feldman* doctrine has been applied by the Third Circuit Court of Appeals to final decisions of lower state courts. In re Knapper, 407 F.3d 573, 580 (3d Cir.2005).

A district court may not sit as effective courts of appeal for state court judgments. *See, e.g.*, D.C. Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) (*citing* Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362(1923)); Besing v. Hawthorne ( In re Besing), 981 F.2d 1488, 1496 (5th Cir.1993) ("The Bankruptcy Code was not intended to give litigants a second chance to challenge a state court judgment nor did it intend for the Bankruptcy Court to serve as an appellate court [for state court proceedings]") (*quoting* In re G & R Mfg. Co., 91 B.R. 991, 994 (Bankr.M.D.Fla.1988)).

Specifically, a claim is barred by the *Rooker-Feldman* doctrine if: (1) "the federal claim was actually litigated in state court prior to the filing of the federal action" or (2) "if the federal claim is inextricably intertwined with the state adjudication, meaning that

federal relief can only be predicated upon a conviction that the state court was wrong." Id. In assessing whether a claim was "actually litigated" in state court, the court must look to the substance of the claims adjudicated in the state court compared to the plaintiff's claims in the federal action. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 364 F.3d 102, 105 (3d Cir.2004), *rev'd on other grounds*, 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). A federal claim is inextricably intertwined with a state adjudication when "(1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take action that would negate the state court's judgment." In re Knapper, 407 F.3d at 581. Thus, a plaintiff is foreclosed from seeking relief in federal court that would "prevent a state court from enforcing its orders." Id.

This jurisdictional limitation is applicable to state court default judgments as well as judgments entered after a trial on the merits. *See, e.g.*, In re Knapper, *supra*, at 581; In re Stuart, supra, *5; In re Cooley, *supra*, *1; Crutchfield v. Countrywide Home Loans, 389 F.3d 1144 (10th Cir.2004); Salem v. Paroli, 79 Fed.Appx. 455 (2d Cir.2003).

Numerous recent decisions in this jurisdiction have held that the *Rooker-Feldman* doctrine bars a borrower's claim for rescission of the mortgage where a state court foreclosure judgment has been entered against the borrower. *See,* In re Cooley, 2007 WL 781952 (Bankr.E.D.Pa. Mar.13, 2007); In re Stuart, 2007 WL 1032261 (Bankr.E.D.Pa. Apr.6, 2007); In re Madera, , 2007 WL 521323 (Bankr.E.D.Pa. Feb.8, 2007); In re Randall, 358 B.R. 145 (Bankr. E.D.Pa. Nov.1, 2006); In re Faust, 353 B.R. 94 (Bankr.E.D.Pa.2006).

6

In accordance with the above referenced cases, the District Court does not have subject matter jurisdiction over Plaintiff's claims for rescission of the loan, termination of Deutsche Bank's security interest in the property or any monetary damages that allegedly flow from the aforesaid requested relief.  The relief requested by Plaintiff is inextricably intertwined with the mortgage foreclosure judgment rendered against Plaintiff in the Court of Common Pleas of Philadelphia County.  Rescission of the mortgage lien will improperly negate the state court's judgment and prevent the state court from enforcing its own orders.

Further, Plaintiff asks the District Court to review the state court mortgage foreclosure action in a matter that is specifically prohibited by *Rooker-Feldman*.  Plaintiff wants this Court to reverse the mortgage foreclosure judgment based on the alleged failure to give the Act 6/91 Notice (Count V) and the calculation/amount of debt owed to Deutsche Bank (Counts I, IV).   Plaintiff also wants the District Court to reverse the mortgage foreclosure judgment on the grounds that the mortgage foreclosure action was improperly adjudicated and prosecuted (Counts VII and VIII).   These claims would improperly require the District Court to act as an appellate court over a decision by the Pennsylvania state court.

 Under *Rooker-Feldman* and subsequent case law in the Third Circuit, the Court must dismiss Plaintiff's Complaint for lack of jurisdiction.

### B. PLAINTIFF'S CLAIMS ARE BARRED BY COLLATERAL ESTOPPEL AND RES JUDICATA

Under the doctrine of *res judicata*, a final judgment on the merits by a court of competent jurisdiction will bar any future suit between the parties in connection with the same cause of action.  Radakovich v. Radakovich, 2004 Pa.Super. 82, 846 A.2d 709, 715

(Pa.Super.2004). Res judicata requires that four conditions be present between the present and prior actions: (1) identity of issues; (2) identity of causes of action; (3) identity of parties or their privies; and (4) identity of the quality or capacity of the parties suing or being sued. Id. The doctrine must be liberally construed and applied without technical restriction. Id. at 715.

The doctrine of collateral estoppel, also known as claim preclusion, "operates to prevent a question of law or issue of fact which has once been litigated and fully determined in a court of competent jurisdiction from being relitigated in a subsequent suit." Spisak v. Margolis Edelstein, 768 A.2d 874, 876-77 (Pa.Super.Ct.2001) (quoting Incollingo v. Maurer, 394 Pa.Super. 352, 356 (1990). "[C]ollateral estoppel relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and by preventing inconsistent decisions, encourage[s] reliance on adjudication." Shaffer v. Smith, 543 Pa. 526, 530, 673 A.2d 872, (Pa.1996) (quoting Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 415, 66 L.Ed.2d 308, 313 (1980)).

The doctrine requires the satisfaction of four elements:

> (1) An issue decided in the prior action is identical to the one presented in the later action; (2) The prior action resulted in a final judgment on the merits; (3) The party against whom the collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and (4) The party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior action.

Columbia Medical Group, Inc. v. Herring & Roll, P.C., 2003 Pa.Super 272, 829 A.2d 1184, 1190 (Pa.Super 2003); In re Iulo, 564 Pa. 205, 766 A.2d 335, 337 (Pa. 2001); Safeguard Mut. Ins. Co. v. Williams, 463 Pa. 567, 345 A.2d 664, 668 (Pa. 1975).

Plaintiff's claims against Deutsche Bank all arise out of the alleged failure to account for Plaintiff's mortgage payments and for the alleged improper institution of the mortgage foreclosure action. These issues have been conclusively established in favor of Deutsche Bank in Plaintiff's Bankruptcy action and in the mortgage foreclosure action.

Deutsche Bank's accounting of Plaintiff's mortgage payments was addressed by way of Stipulation between Plaintiff and Deutsche Bank. See, Exh. A. In the Stipulation, Plaintiff agreed that she would pay certain post-petition arrearage payments and make her monthly mortgage payments as detailed in the Stipulation. Plaintiff agreed that if she defaulted from the payment schedule, Deutsche Bank had a right to file a Certification of Default, seek an Order granting relief from the automatic stay and proceed with the mortgage foreclosure action.

Plaintiff defaulted on her mortgage payments as required by the Stipulation. As such, n April 10, 2007, Deutsche Bank filed a Certification of Default stating that Plaintiff had defaulted on her mortgage payments. See, Exh. B. Plaintiff did not oppose the Certification, thereby admitting her default. Consequently, on April 20, 2007, the Bankruptcy Court granted relief from the automatic stay to allow for foreclosure of the property. *See*, Exh. D.

Plaintiff had full opportunity to litigate the adequacy of Deutsche Bank's accounting in her Bankruptcy action. By entering into the Stipulation, Plaintiff admitted that she owed mortgage payments which were listed in the Stipulation. The Court's Order granting Deutsche Bank's Certification of Default is a final adjudication of Plaintiff's debt to Deutsche Bank as detailed in the Stipulation.

Furthermore, the default judgment entered against Plaintiff in the mortgage foreclosure action is a final adjudication of the validity of Deutsche Bank's mortgage lien, as set forth in Section A above. Plaintiff's claims are in fact improper collateral attacks on the mortgage foreclosure judgment and the Bankruptcy Court's Order granting relief from the automatic stay.

Plaintiff has had a full opportunity to litigate all of the claims raised in this action. The Bankruptcy Court's Order and the State Court mortgage foreclosure judgment are final decisions on these issues. Plaintiff is therefore barred by the doctrines of *res judicata* and *collateral estoppel* from relitigating the same claims by way of the instant action.

### C. SECTION 1983 IS NOT IMPLICATED IN A MORTGAGE FORECLOSURE ACTION.

Count VI of the Complaint must be dismissed since there was no "state action" implicated in the mortgage foreclosure lawsuit.

To establish a claim under 42 U.S.C. § 1983, Plaintiffs must "demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law." Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir.1995); see Adickes v. S.H. Kress & Co., 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). "Under color of state law" has the same meaning as "state action". See United States v. Price, 383 U.S. 787, 794 n.7, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966).

"State action may be found only when there is such a 'close nexus between the State and challenged action that private behavior may be fairly treated as that of the State itself'." Nanya-Nashut v. Centex Home Equity Corporation, 2003 WL 22871667 (E.D.Pa.2003) *quoting* Brentwood Acad. v. Tennessee Secondary Sch., 531 U.S. 288, 295 121 S.Ct. 924, 148 L.Ed.2d 807(2001).

A mortgage foreclosure action does not rise to the level of state action. Nanya-Nashut v. Centex Home Equity Corporation 2003 WL 22871667, *2 ("Even when a bank and an attorney utilize state foreclosure procedures, that will not constitute state action); *see also*, Nanya-Nashut v. Bank One National Association, 2003 WL 22078022, *3 (holding that a bank did not engage in state action for purposes of Section 1983 by filing a mortgage foreclosure action); Shipley v. First Fed. Sav. & Loan Ass'n of Del., 703 F.Supp. 1122, 1129-31 (D.Del.1988) *aff'd* 877 F.2d 57 (3d Cir.1989) (holding Bank and attorney who filed foreclosure action against real property did not engage in state action for purposes of Section 1983).

Defendant Deutsche Bank is a private entity which simply instituted a mortgage foreclosure action as a result of Plaintiff's default of the Mortgage and Note. By filing the foreclosure action, Deutsche Bank did not engage in state action necessary to support a Section 1983 claim. Count VI of the Complaint should therefore be dismissed.

## IV.   CONCLUSION

Plaintiff's Complaint should be dismissed in its entirety. Under the *Rooker-Feldman* Doctrine, the District Court does not have jurisdiction to review or reverse the state court mortgage foreclosure judgment. Under the doctrines of res judicata and collateral estoppels Plaintiff cannot re-litigate her claims in this forum since the state

court and Bankruptcy Court have already ruled on the issues which underpin Plaintiff's claims. Further, Plaintiff's Section 1983 claim fails as a matter of law because the mortgage foreclosure action did not involve a state actor or state action.

Respectfully,

Kaplin Stewart Meloff Reiter & Stein, P.C.

 /s/  Sandhya M. Feltes          #3018
Sandhya M. Feltes, Esq.
Union Meeting Corporate Center
910 Harvest Drive
Blue Bell, PA 19422
(610) 941-2561
(610) 684-2011 fax
Attorney for Defendant Deutsche Bank National Trust Co.

---

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2008, I caused to be served a true and correct copy of Defendant Deutsche Bank National Trust Company's Motion to Dismiss Plaintiff's Complaint, upon the following via ECF Electronic Notification:

Matthew B. Weisberg
Prochniak Poet & Weisberg, P.C.
7 South Morton Avenue
Morton, PA 19070

Kaplin Stewart Meloff Reiter & Stein, P.C.

/s/ Sandhya M. Feltes    #3018
Sandhya M. Feltes, Esq.
Union Meeting Corporate Center
910 Harvest Drive
Blue Bell, PA 19422
(610) 941-2561
(610) 684-2011 fax
Attorney for Defendant Deutsche Bank National Trust Co.

1394138v.1