# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Anne Easley | : |
| 243 West Tulpehocken St. | : |
| Apt. B-305 | : |
| Philadelphia, PA  19144 | :  CIVIL ACTION NO.:  08-4283 |
| Plaintiff | : |
| | : |
| | : |
| New Century Mortgage Corporation | : |
| 18400 Von Karman Ste 1000 | : |
| Irvine, CA 90017 | :JURY OF TWELVE (12) JURORS DEMANDED |
| | : |
| And | : |
| | : |
| Deutsche Bank National Trust Co. | : |
| 505 City Parkway West, Ste. 100 | : |
| Orange, CA 922865 | : |
| | : |
| And | : |
| | : |
| John Does, 1-10 | : |
| Defendants | : |

## ORDER

AND NOW this _____ day of _____, 2008, upon consideration of Defendant, Deutsche's Motion to Dismiss Plaintiff's First Amended Complaint, and Plaintiff's response thereto, it is hereby ORDERED and DECREED that Defendant's Motion is DENIED.

**AND IT IS SO ORDERED.**

_____
Edmund V. Ludwig                              ,J.

1

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Anne Easley | : |
| 243 West Tulpehocken St. | : |
| Apt. B-305 | : |
| Philadelphia, PA  19144 | :   CIVIL ACTION NO.:  08-4283 |
|          Plaintiff | : |
|    v. | : |
| | : |
| New Century Mortgage Corporation | : |
| 18400 Von Karman Ste 1000 | : |
| Irvine, CA 90017 | :JURY OF TWELVE (12) JURORS DEMANDED |
| | : |
|    And | : |
| | : |
| Deutsche Bank National Trust Co. | : |
| 505 City Parkway West, Ste. 100 | : |
| Orange, CA 922865 | : |
| | : |
|    And | : |
| | : |
| John Does, 1-10 | : |
|          Defendants | : |

## PLAINTIFF'S RESPONSE TO DEFENDANT, DEUTSCHE'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Incorporating by reference Plaintiff's attached Memorandum of Law, Plaintiff requests this Honorable Court deny Defendant, Deutsche's Motion to Dismiss Plaintiff's First Amended Complaint.

WHEREFORE, Plaintiff requests this Honorable Court deny Defendant, Deutsche's Motion to Dismiss Plaintiff's First Amended Complaint.

                                             PROCHNIAK WEISBERG, P.C.

                                             /s/ Matthew B. Weisberg, Esq.
                                             Matthew B. Weisberg
                                             Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Anne Easley | : | |
| 243 West Tulpehocken St. | : | |
| Apt. B-305 | : | |
| Philadelphia, PA  19144 | : | CIVIL ACTION NO.:  08-4283 |
| Plaintiff | : | |
| v. | : | |
| | : | |
| New Century Mortgage Corporation | : | |
| 18400 Von Karman Ste 1000 | : | |
| Irvine, CA 90017 | : | JURY OF TWELVE (12) JURORS DEMANDED |
| | : | |
| And | : | |
| | : | |
| Deutsche Bank National Trust Co. | : | |
| 505 City Parkway West, Ste. 100 | : | |
| Orange, CA 922865 | : | |
| | : | |
| And | : | |
| | : | |
| John Does, 1-10 | : | |
| Defendants | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT, DEUTSCHE'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**I.     INTRODUCTION**

Defendant, Deutsche Bank ("Deutsche"), invokes Rooker-Feldman claiming that doctrine precludes this Honorable Court's jurisdiction in granting Plaintiff's requested relief as "reversing the mortgage foreclosure judgment entered by the Philadelphia Court of Common Pleas" by default. Deutsche also alleges preclusion doctrines require Plaintiff's Common Pleas and bankruptcy defaults be accepted as binding against Plaintiff in this action.  Finally, Deutsche requests this Court dismiss Plaintiff's civil rights claim as Deutsche is not a "state actor" when it forecloses *in rem* upon Plaintiff.

At the outset, Plaintiff advises this Honorable Court, as it is her ethical duty, that there are three (3) recent cases on point within this district all holding differently as to these defenses and, to the extent there exist similar holdings, reasoning differently: (1) <u>Hansford v. Bank of America, et al.</u>, E.D.Pa., Civ.A. 07-4716 (August 22, 2008); (2) <u>Laychock v. Wells Fargo Home Mortgage, et al.</u>, E.D.Pa., Civ.A. 07-4478 (July 28, 2008); and (3) <u>Steele v. Richardson, et al.</u>, E.D. Pa., Civ.A. 07-3542 (March 5, 2008).

Plaintiff requests this Honorable Court exercise its, respectfully, duty of independent inquiry and reason in denying Deutsche's Motion especially given clear appellate and United States Supreme Court precedent (even directed to this circuit) contrary to this District's recent holdings.

A split of authority within this District and reasoning in contrast to clear appellate direction, Plaintiff requests oral argument.

## II.  **OPERATIVE FACTS**

As this Court is likely aware, the recent "foreclosure crisis" which imperils the United States, especially its urban population, arose from a combination of factors mostly involving mortgage origination abuse. Of course, foreclosures directly involve our courts, most often our federal bankruptcy[1] and state trial[2] courts.

What this Court may, respectfully, be unaware is the improprieties occurring *en masse* by foreclosing lenders within various bankruptcy and state trial courts so to place speed vis-à-vis foreclosure over procedural and substantive due process. (Exh. A). Many Courts (both state, bankruptcy and federal district) throughout the country have been responding, in direct

---

[1]  Of which this Honorable Court acts as a court of appeal in this jurisdiction.
[2]  Of which, it is uncontested, that <u>Rooker-Feldman</u> precludes a federal trial court's jurisdiction to act as an appellate reviewer.

opposition to foreclosing lenders' improper filings, *inter alia,* here present: (1) commencing foreclosure without pre-complaint record mortgage or mortgage assignment (i.e., standing via record chain of mortgage title)[3]; (2) entering judgments without jurisdiction[4] and upon an illegally heightened amount[5]; (3) upon false affidavits and verification by foreclosing lender's *foreclosure specialists* or even *counsel*; and (4) as well as even an organization[6] created by mortgage lenders solely to enable *non-record* intra-assignments (between its lender members) of mortgages which mission is to unlawfully obviate venue and jurisdictional legal requirements such as recording required to establish a true chain of title.  To perpetrate what is ultimately a fraud on a court, foreclosing lenders rely on debtors' financial inabilities to litigate as well as state courts' (especially in urban areas) unwillingness to grant defaulted borrowers-foreclosure Defendants procedural due process of often admitted defaults and stale mortgage collateral (in a declining real estate market) in the wake of voluminous foreclosures filings.

This action is but one (1) example of litany the of mortgage litigation abuses confronting this jurisdiction as well as many others:

On August 26, 2004, Plaintiff, Anne Easley ("Easley"), executed a refinance mortgage upon her residential premises in favor of Defendant, New Century Mortgage Corp. ("New Century").  This mortgage contained a fixed rate (unlike an adjustable rate mortgage otherwise

---

[3]   Rendering also that foreclosing lender without legal right to mortgage payments and likewise defendant-debtor legal inability to pay if able.

[4]   In Pennsylvania, like most other states, a foreclosure complaint is required to be preceded by a Notice of Intent to Foreclose (i.e., "Act 6/91" Notice) which must be sent to the defaulted borrower in advance of the foreclosure to provoke reinstatement or reinstatement governmental assistance, and must be statutorily form compliant both of which service and form compliance grants the eventual complaint's *jurisdiction* (which is perfected upon the complaint's personal service). 41 P.S. §101, et seq.; 35 Pa.C.S.A. §1680.41, et seq; In re Smith, 866 F.2d 576 (C.A.3. (Pa) 1989)).

[5]   For example, inclusive of an attorney fees that arbitrarily totals 5% of the mortgage's principal when only $1,300 (the "Fannie Mae" set standard) is actually paid; unlawful post-acceleration late charges; post-judgment interest in excess of the statutory legal limit; and a constitutionally defective judgment as in a non-fixed amount (i.e., containing an ongoing *per diem*), to name a few.

[6]   Mortgage Electronic Registration Systems ("MERS").  MERSCORP v. Romain, 8 N.7.3d 90, 828 N.Y.S.2d 266 (2006).

known as an "ARM", Plaintiff's monthly payments would not vary for the "conventional" thirty (30) year term).

Pursuant to Plaintiff's ultimate Chapter 13 bankruptcy filing (Bankr.E.D.Pa. No.: 05-33553), Plaintiff entered into a stipulation with Defendant, Deutsche[7].

In its Motion to Dismiss, Deutsche avers Plaintiff's default under the stipulation vis-à-vis Plaintiff's agreement to make ongoing monthly payments. Deutsche avers this default underlying its bankruptcy Certification and then its Motion for Relief. In her Complaint, Plaintiff avers there was no default as Plaintiff had continually made her monthly payments under the stipulation which was not properly credited despite Plaintiff's non-litigated pleas otherwise.

On August 21, 2007, arising from its Motion for Relief, Deutsche commenced foreclosure (Phila.C.C.P. August Term, 2007; No. 2360) resulting in Easley's property being slated for and then sold at Sheriff's foreclosure Sale despite her having otherwise been current. The Sale was conducted by Deutsche without jurisdiction and standing.

### III. ARGUMENT

    A.    <u>Standard of Law under FRCP 12(b)(6): Motion to Dismiss should be Denied for Failure to Meet its Burden.</u>

When deciding a Motion to Dismiss under FRCP 12(b)(6), the Court is "required to accept as true all the facts pleaded in the Complaint and to draw all inferences in favor of the Plaintiff." <u>Independent Enterprises, Inc. v. Pittsburgh Water & Sewer Authority</u>, 103 F.3d 1165, 1168 (3d. Cir. 1997). The question at the Motion to Dismiss stage is whether "the facts alleged in the Complaint, even if true, fail to support the… claim…" <u>Ransom v. Marrazzo</u>, 848 F.2d 398, 401 (3d. Cir. 1988).

---

[7] In bankruptcy, Deutsche claimed itself as New Century's mortgage assignee but, to date, Plaintiff has not received and thus avers (consistent with Exh. A) non-existence of that assignment.

6

In ruling on the Motion, the Court may consider the pleadings, "matters of public record, exhibits attached to the Complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384, n. 3 (3d. Cir. 1994).

In Twombly, the United States Supreme Court discussed the Conley standard in adjudicating a Motion to Dismiss. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007); Conley v. Gibson, 78 S.Ct. 99 (1957). Previously, Conley identified the standard: "a Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, supra. A complex antitrust lawsuit arising from state law, Twombly reconciled but *did not overrule* Conley instead holding that the standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will provide evidence" that the facts set forth in the Complaint will enable Plaintiff a right to relief. Twombly, supra.

After Twombly, the United States Supreme Court applied the Conley standard in vacating the Trial Court's dismissal of a Civil Rights Complaint by a prisoner-plaintiff who averred having suffered harm as a result of the defendant-prison's discontinuance of hepatitis C treatment. Erickson v. Pardus, 147 S.Ct. 2197 (2007).

In reconciling Twombly and Erickson with Conley, the Third Circuit held that Twombly has *not* altered the pleading standard. Phillips v. County of Allegheny, 515 F.3d 224 (3d. Cir. 2008). The Third Circuit has clearly held that Twombly does *not* require "detailed factual allegations," but "only a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the Defendant a fair notice of what the claim is and the grounds upon which it rests." Phillips, supra. Phillips recognized that the "plausibility" analysis of

Twombly is contextual: the more complicated a cause of action (such as antitrust, as in Twombly) the more a Plaintiff must "show" in terms of facts to "nudge" a claim "across the lines from conceivable to plausible". Phillips, supra.; Twombly, supra. On the contrary, simplistic even federal causes of action such as Section 1983 (civil rights) or garden variety negligence applies the Conley "no set of facts" analysis.

A Plaintiff should be provided an opportunity to file an Amended Complaint if it appears that the deficiencies can be corrected. Twombly, supra.; *See,* 2A J. Moore, *Moore's Federal Practice* ¶12.07 [2.-5], P.12-99 (2d ed. 1994); *accord*, In re Spree.com Corp., 2001 WL 1518242 (Bankr.E.D. Pa. 2001). Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Montville Twp. v. Woodmont Builders LLC, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting Twombly, at 1969). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). In fact, a Plaintiff need not plead any causes of action (merely facts with request for relief). *See* 2 James Wm. Moore et al., *Moore's Federal Practice* P 8.04[3].

Under any standard (Twombly has mischaracterized by movant without reference to Erickson or Phillips reconciliations), Plaintiff's Complaint is simple, factually set forth, and, as is self-evident in this climate, plausible. It is not a complex lawsuit for antitrust violations as in Twombly but more akin to the garden variety negligence and civil rights discussed in Phillips and Erickson.

When applying the correct standard, Plaintiff's Complaint is sufficiently specific and Defendant's Motion should be denied. In the alternative, Plaintiff should be granted leave to amend as this Honorable Court is, respectfully, directed to allow.

B.     Rooker-Feldman

Justice Stevens holds the Rooker-Feldman doctrine dead.[1] Regardless, Rooker-Feldman is only invoked when a Plaintiff claims injury by the state court judgment-not here apposite as Plaintiff claims injury pre-, post- and apart from the judgment.

The United States Supreme Court only in (see below) Rooker and separately Feldman broadly held that Federal Courts lack jurisdiction to adjudicate State Court litigated judgments. Essentially, Federal Courts do not have the capacity to act as appellate reviewers of State Court decisions.

The Rooker-Feldman doctrine is here misplaced in light of Defendant's confusion between this action upon Plaintiff's Note and thereafter servicing being distinct from the underlying foreclosure arising from the Mortgage. Even when adopting Defendant's confusion, the underlying mortgage foreclosure judgment was entered by default-expressly not an adjudication on its merits, thus specifically being inapplicable to Rooker-Feldman's prohibition. Even if Defendant's invocation of Rooker-Feldman was preliminary on point, the unique nature of Pennsylvania's prohibition against bringing this action in counterclaim or defense to a foreclosure (as is not the case in other states) renders Rooker-Feldman ultimately otherwise not controlling.

---

[1] Lance v. Dennis, 546 U.S. 459, 126 S.Ct. 1198 (2006) (Stevens, J., dissenting on separate grounds): "In Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 125 S.Ct. 1517 (2005) [*reversing the Third Circuit*], the Court finally interred the so-called 'Rooker-Feldman doctrine'. And today, the Court quite properly disapproves of the District Court's resuscitation of a doctrine that has produced nothing but mischief for 23 years."
  Marshall v. Marshall, 547 U.S. 293, 126 S.Ct. 1735 (2006) (Stevens, J., dissenting): "I would provide [this holding] with a decent burial in a grave adjacent to the resting place of the Rooker-Feldman doctrine."

9

After <u>Exxon</u>, supra., the viability of <u>Rooker-Feldman</u> has come into question. <u>Lance</u>, at 1203-1204 (2006); <u>Mangan v. Brierre</u>, 2007 WL 475820 4 (E.D.Pa. 2007). Other then in <u>Rooker</u> and <u>Feldman</u>, the Supreme Court stated to this circuit in <u>Exxon</u> that it has otherwise never upheld a <u>Rooker-Feldman</u> jurisdictional bar. <u>Id.</u>

In <u>Exxon</u>, the Supreme Court limited the <u>Rooker-Feldman</u> doctrine to "cases brought by state-court losers complaining of injuries caused by state-court [litigated] judgments rendered before the district court proceedings commenced which invited district court review and rejection of those judgments." 544 U.S. 280, 284. The Court made clear that lower courts had over-applied the doctrine beyond its intended and appropriate boundaries. <u>Turner v. Crawford Square Apartments III, L.P.</u>, 449 F.3d 542, 543-44 (3d Cir. 2006) (holding that a state court judgment in eviction against a tenant did not jurisdictionally bar a federal district court from later hearing the tenant's Fair Housing Act claims against the landlord); <u>Hansford</u>, supra.

The alleged federal injury must be caused by the state court judgment itself. <u>Exxon</u>, at 284; <u>Long v. Shorebank Dev. Corp.</u>, 182 F.3d 548 (7th Cir. 1999) (quoting <u>Centers, Inc. v. Town of Brookfield</u>, 148 F.3d 699, 702 (7th Cir. 1998). <u>Rooker-Feldman</u> is not implicated simply because a party brings to federal court a matter touched upon in state court. <u>Parkview Assocs. P'ship v. City of Lebanon</u>, 225 F.3d 321, 329 (3d Cir. 2000) (asserting that <u>Rooker-Feldman</u> is not a jurisdictional version of preclusion); <u>Long</u>; supra.

Since <u>Rooker</u> and <u>Feldman</u>, the United States Supreme Court has directed the lower courts to stop over-applying this doctrine to avoid jurisdiction on matters merely touched upon by or evolving from *litigated* State Court judgments. Moreover, the foreclosure judgment at issue was taken by default, and as such, does not contemplate even the broadest <u>Rooker-Feldman</u> inquiry.

Paradoxically, instant Plaintiffs were barred from bringing the current causes of action as counterclaims or defenses to the foreclosure action. Pa.R.C.P. 1148; Mellon Bank v. Joseph, 406 A.2d 1055, 267 Pa. Super. 307 (1979); Cunningham v. McWilliams, 714 A.2d 1054 (Pa. Super. 1998).

In Pennsylvania, the purpose of a mortgage foreclosure action is solely to effect a judicial sale of the mortgaged property. New York Guardian Mortgage Corp. v. Dietzel, 362 Pa.Super. 426, 431, 524 A.2d 951 (1987). It is not a judgment for damages. Id. The Pennsylvania Supreme Court held that it is impermissible to assert a claim for monetary damages in a mortgage foreclosure action. Green Tree Consumer Discount Co. v. Newton, 909 A.2d 811, 815-16 (Pa. 2006).

Plaintiffs' complaint contains statutorily unrelated affirmative causes of action arising out of the foreclosure complaint, post-judgment collection, mortgage servicing, and bankruptcy. These causes of action contain statutes of limitation, burdens of proof, rights to relief, damages, statutory penalties, fee shifting, and factual underpinnings as a matter of law unrelated to the foreclosure action. Newtown Village Partnership v. Kimmel, 424 Pa.Super. 53, 621 A.2d 1036 (1993).

Pennsylvania Rules of Civil Procedure Rule 1141(a) provides that an action at law to foreclose a mortgage upon interest in land shall not include an action to enforce a personal liability. An action in mortgage foreclosure is strictly *in rem* and thus may not include *in personam* relief. Insilco Corp. v. Rayburn, 374 Pa.Super. 362, 368, 543 A.2d 120 (1988). Moreover, Plaintiffs could not have asserted these claims against parties with no interest in the subject property. Signal Consumer Discount Co., 257 Pa.Super. 101, 108, 390 A.2d 266 (1978),

Plaintiffs could not have joined the other parties necessary to the instant action. Newtown, supra.

The Rooker-Feldman doctrine does not apply to the Court's consideration of a "federal claim alleging a prior injury that a state court failed to remedy." Long, supra. Nor does Rooker-Feldman bar a claim for money or other remedies if it could not be brought in the underlying court. Karamoko v New York City Hous. Auth., 170 F.Supp.2d 372,377 (S.D.N.Y. 2001).

If this analysis does not persuade this Court, respondents request leave to pursue discovery on the issue of whether the state court had jurisdiction to enter the subject foreclosure default judgment by reason of Plaintiff-Movant's believed violations of Act 6/91 and for lack of perfected chain of title. In re Soto, 221 B.R. 343 (Bkrtcy.E.D.Pa. 1998) (a judgment entered by a court without jurisdiction may be collaterally attacked at any time).

Even should this Court find that Rooker-Feldman bars plaintiffs' rescission claim, plaintiffs other relief, such as damages, are not barred. In re Randall, supra.

This is an action on the Note accompanying a Mortgage. A Note is an *in personam* obligation. A Note is unsecured and never recorded. A Note may be discharged by bankruptcy. The Note contains the loan's terms and rate and is required to be accompanied by Truth in Lending Disclosures. A Note sets the monthly payment, any variables, the length of the loan obligation and the total amount required to be repaid lender.

A Mortgage is an *in rem* obligation. A Mortgage may not be discharged in bankruptcy. A Mortgage contains only the face amount of the loan. A Mortgage is secured by collateral. A Mortgage need not accompany any federal disclosures. A Mortgage sets forth the method for default; that is, an action in Mortgage foreclosure.

In large part, this action arises out of the Note's accounting. The Note has never been the subject of any action.

The only action that could possibly invoke the Rooker-Feldman doctrine is the underlying Mortgage Foreclosure. However, the Mortgage Foreclosure is based on the Mortgage and not the Note. A Mortgage Foreclosure in Pennsylvania is an action *in rem* and cannot be founded upon or even contain a request for *in personam* relief.

In Pennsylvania, a Mortgage and Note are legally distinct. *See*, In re Washington, 2007 WL 846658 (E.D.Pa. 2007). Likewise, the Rooker-Feldman doctrine is not in anyway antecedent to the underlying Mortgage Foreclosure with regards to this action vis-à-vis servicing of the Note.

Even if this were an action on the Mortgage, the Rooker-Feldman doctrine does not apply as Pennsylvania Law expresses that a default judgment is not on the merits. In re Graves, 33 F. 3d 242 (C.A.3 (PA 1994). Even if this were an action upon the Mortgage (denied) and the Foreclosure judgment were on the merits (denied), the Rooker-Feldman doctrine would not apply as this action cannot otherwise have been brought as a counterclaim or even defense to that foreclosure.

Pragmatically, it would be most time and cost efficient should this action have been brought as a counterclaim or even as an affirmative (new matter) defense. The task of filing an affirmative action in this Honorable Court is not only more costly and time intensive, but also does not legally act to prevent the underlying state court prosecution of the Foreclosure (i.e., this action still risks the divestiture of Plaintiff's home via Sheriff's foreclosure Sale.) In all ways, these claims would be best brought within the foreclosure proceeding.

However practical, Pennsylvania prohibits these claims being raised in the State court Foreclosure.

As an example of the inapplicability of the Rooker-Feldman doctrine, this Honorable Court should see its own jurisdiction in the paradox that would result without: Plaintiff claims federal and state statutory affirmative liability, as well as state common law causes of action which would then be prohibited from being brought in any jurisdiction; accepting Defendant's argument, this Honorable Court would be without jurisdiction and the State Court would statutorily prohibit these claims.

If not this jurisdiction, then none. This is precisely the result the United States Supreme Court prohibited in Exxon by abrogating the only two (2) cases ever having been deemed applicable to the Rooker-Feldman doctrine: Rooker and Feldman.

For any of the foregoing reasons (a Note being legally distinct from a Mortgage, the Foreclosure default judgment not being an adjudication on the merits, Pennsylvania statutorily prohibiting these claims as a defense or counterclaim to the foreclosure, or the United States Supreme Court's own prohibitions against its over-application), the Rooker-Feldman doctrine does not apply to this action arising from the Note regarding discoverable issues for Defendants' origination and servicing abuses.

    C.    Preclusion: Bankruptcy

As plaintiffs were previously barred from asserting their current claims, they are not now barred by *res judicata*. In re Randall, infra. (citing Dithridge House Ass'n v. Com., Dept. of Environmental Resources, 116 Pa.Cmwlth. 24, 33, 541 A.2d 827 (1988)).

A judgment or motion entered by default has no collateral estoppel effect since no issues were actually litigated. In re Graves, 33 F.3d 242, 248 (3d Cir. 1994). As the issue was never litigated, Movant mistakenly relies on the existence of a default as dispositive.

"Claim preclusion only bars claims arising from the same cause of action previously raised, not every conceivable claim that could have been brought in the context of a Bankruptcy case over which the Court would have had jurisdiction. Eastern Minerals and Chemicals, Co. v. Mahon, 225 F3d 330 (C.A.3 (Pa) 2000). "…a broad view of claim preclusion in the Bankruptcy context will likely produce "multitudinous protective filings of claims against non-Debtors and a needless complication of Bankruptcy confirmation proceedings."" Id. (Corestates Bank, N.A. v. Huls America, Inc., 176 F3d 187, 209 (3d. cir.) (Stapleton, J., dissenting "a claim should not be barred unless the factual underpinnings, theory of the case, and relief sought against the parties to the proceeding are so close to a claim actually litigated in the Bankruptcy that it would be unreasonable not to have brought them both at the same time in the Bankruptcy forum." Eastern, supra). Where a claim is not actually litigated to a conclusion on its merits, that claim cannot suffer preclusion. In Re Graham, 973 F.2d 1089 (C.A. 3 (Pa) 1992).

While Plaintiff might (not argued) have been able to have brought these claims before the lower Bankruptcy Court as an "adversary," she chooses, as she is entitled, to bring this action before this Honorable Court. Movant's vague reference to that Bankruptcy proceeding is easily overcome for the failure of this matter's litigation in the bankruptcy proceeding as well as the inability for same within the foreclosure rendering both doctrines of claim and issue preclusion as having no effect to bar this action in any respect.

Without litigation, let alone the opportunity to litigate, this action cannot be precluded.

D.   §1983

Unilaterally without jurisdiction conferred via appropriate Act 6/91 Notice and without standing via record chain of mortgage title, Defendant, Deutsche, clothed itself in the Court and via the Sheriff vis-à-vis Sheriff's foreclosure Sale in filing its *in rem* foreclosure against Plaintiff.

Identical in effect to a foreclosure, the Third Circuit has held a civil rights violation where a lesser improperly confessed judgment against a lessee. Jordan v. Fox, et al., 20 F.3d 1250 (C.A.3 (Pa) 1994). In applying Section 1983 for improper court action, both Pennsylvania and this District have held a pertinently identical creditor liable for civil rights violations arising from instant creditor's misuse of process. *See*, Grillo v. BA Mortgage, LLC, 2004 WL 2250974 (E.D.Pa. 2004) (not reported) (citing Lugar v. Edmonson Oil Co., 457 U.S. 922, 937, 102 S.Ct. 2744 (1982)); *see also*, Guar. Trust Co. v. Mowl, 705 A.2d 923, 926 (Pa.Super. 1998); Nationsbanc Mortgage Corp. v. Grillo, 827 A.2d 489, 492-493 (Pa.Super. 2003); Union Nat'l Bank of Pitts v. Ciongoli, 407 Pa.Super. 171, 595 A.2d 179 (1991).

However slight, meaningful interference with an individual's possessory interest to property results in a seizure for civil rights analysis. Cali. v. Hodri, 499 U.S. 621, 640, 111 S. Ct. 1547 (1991); Conn. v. Doehr, 501 U.S. 1, 4, 111 S.Ct. 2105 (1991). A civil rights violation arises from a deprivation of property interest under color of State law without due process. Dykes v. SEPTA, 68 F.3d 1564, 1570 (3d Cir. 1995).

Improperly taking foreclosure judgment without standing and jurisdiction and then Plaintiff's home via Sheriff's Sale, Movant is liable under §1983.

## IV. **CONCLUSION**

WHEREFORE, Plaintiff requests this Honorable Court deny Defendant, Deutsche's Motion to Dismiss Plaintiff's First Amended Complaint.

PROCHNIAK WEISBERG, P.C.


<u>/s/ Matthew B. Weisberg, Esq.</u>
Matthew B. Weisberg
Attorney for Plaintiff

Case 2:08-cv-04283-EL    Document 10    Filed 12/15/08    Page 17 of 19

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Anne Easley | : | |
| 243 West Tulpehocken St. | : | |
| Apt. B-305 | : | |
| Philadelphia, PA  19144 | : | CIVIL ACTION NO.:  08-4283 |
| Plaintiff | : | |
| v. | : | |
| | : | |
| New Century Mortgage Corporation | : | |
| 18400 Von Karman Ste 1000 | : | |
| Irvine, CA 90017 | :  | JURY OF TWELVE (12) JURORS DEMANDED |
| | : | |
| And | : | |
| | : | |
| Deutsche Bank National Trust Co. | : | |
| 505 City Parkway West, Ste. 100 | : | |
| Orange, CA 922865 | : | |
| | : | |
| And | : | |
| | : | |
| John Does, 1-10 | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 15th day of December 2008, a true and correct copy of the above captioned Plaintiff's Response to Defendant, Deutsche's Motion to Dismiss Plaintiff's First Amended Complaint and Memorandum in Support thereof were served regular via ECF upon the following parties:

**SANDHYA M. FELTES**
KAPLIN STEWART
UNION MEETING CORP CENTER
910 HARVEST DR
POBOX 3037
BLUE BELL , PA 19422

**NEW CENTURY CORPORATION**
18400 VON KARMAN STE 1000
IRVINE, CA 90017

PROCHNIAK WEISBERG, P.C.

<u>/s/ Matthew B. Weisberg, Esq.</u>
Matthew B. Weisberg
Attorney for Plaintiff