# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE FORECLOSURE CASES | ) | CASE NO. NO.1:07CV2282 |
| | ) | 07CV2532 |
| | ) | 07CV2560 |
| | ) | 07CV2602 |
| | ) | 07CV2631 |
| | ) | 07CV2638 |
| | ) | 07CV2681 |
| | ) | 07CV2695 |
| | ) | 07CV2920 |
| | ) | 07CV2930 |
| | ) | 07CV2949 |
| | ) | 07CV2950 |
| | ) | 07CV3000 |
| | ) | 07CV3029 |
| | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| | ) | |
| | ) | |
| | ) | **OPINION AND ORDER** |
| | ) | |
| | ) | |

**CHRISTOPHER A. BOYKO, J.**:

On October 10, 2007, this Court issued an Order requiring Plaintiff-Lenders in a number of pending foreclosure cases to file a copy of the executed Assignment demonstrating Plaintiff was the holder and owner of the Note and Mortgage ***as of the date the Complaint was filed***, or the Court would enter a dismissal. After considering the submissions, along with all the documents filed of record, the Court dismisses the captioned cases without prejudice. The Court has reached today's determination after a thorough review of all the relevant law and the briefs and arguments recently presented by the parties, including oral

arguments heard on Plaintiff Deutsche Bank's Motion for Reconsideration. The decision, therefore, is applicable from this date forward, and shall not have retroactive effect.

## LAW AND ANALYSIS

A party seeking to bring a case into federal court on grounds of diversity carries the burden of establishing diversity jurisdiction. *Coyne v. American Tobacco Company*, 183 F. 3d 488 (6th Cir. 1999). Further, the plaintiff "bears the burden of demonstrating standing and must plead its components with specificity." *Coyne*, 183 F. 3d at 494; *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464 (1982). The minimum constitutional requirements for standing are: proof of injury in fact, causation, and redressability. *Valley Forge*, 454 U.S. at 472. In addition, "the plaintiff must be a proper proponent, and the action a proper vehicle, to vindicate the rights asserted." *Coyne*, 183 F. 3d at 494 (quoting *Pestrak v. Ohio Elections Comm'n*, 926 F. 2d 573, 576 (6th Cir. 1991)). To satisfy the requirements of Article III of the United States Constitution, the plaintiff must show he has ***personally suffered some actual injury*** as a result of the illegal conduct of the defendant. (Emphasis added). *Coyne*, 183 F. 3d at 494; *Valley Forge*, 454 U.S. at 472.

In each of the above-captioned Complaints, the named Plaintiff alleges it is the holder and owner of the Note and Mortgage. However, the attached Note and Mortgage identify the mortgagee and promisee as the original lending institution — one other than the named Plaintiff. Further, the Preliminary Judicial Report attached as an exhibit to the Complaint makes no reference to the named Plaintiff in the recorded chain of title/interest. The Court's Amended General Order No. 2006-16 requires Plaintiff to submit an affidavit along with the Complaint, which identifies Plaintiff either as the original mortgage holder, or as an assignee,

trustee or successor-in-interest. Once again, the affidavits submitted in all these cases recite the averment that Plaintiff is the owner of the Note and Mortgage, without any mention of an assignment or trust or successor interest. Consequently, the very filings and submissions of the Plaintiff create a conflict. In every instance, then, Plaintiff has not satisfied its burden of demonstrating standing at the time of the filing of the Complaint.

Understandably, the Court requested clarification by requiring each Plaintiff to submit a copy of the Assignment of the Note and Mortgage, executed as of the date of the Foreclosure Complaint. In the above-captioned cases, *none* of the Assignments show the named Plaintiff to be the owner of the rights, title and interest under the Mortgage at issue as of the date of the Foreclosure Complaint. The Assignments, in every instance, express a present intent to convey all rights, title and interest in the Mortgage and the accompanying Note to the Plaintiff named in the caption of the Foreclosure Complaint upon receipt of sufficient consideration on the date the Assignment was signed and notarized. Further, the Assignment documents are all prepared by counsel for the named Plaintiffs. These proffered documents belie Plaintiffs' assertion they own the Note and Mortgage by means of a purchase which pre-dated the Complaint by days, months or years.

Plaintiff-Lenders shall take note, furthermore, that prior to the issuance of its October 10, 2007 Order, the Court considered the principles of "real party in interest," and examined Fed. R. Civ. P. 17 — "Parties Plaintiff and Defendant; Capacity" and its associated Commentary. The Rule is not *apropos* to the situation raised by these Foreclosure Complaints. The Rule's Commentary offers this explanation: "The provision should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the

proper party to sue is difficult or when an understandable mistake has been made. ... It is, in cases of this sort, intended to insure against forfeiture and injustice ..." Plaintiff-Lenders do not allege mistake or that a party cannot be identified. Nor will Plaintiff-Lenders suffer forfeiture or injustice by the dismissal of these defective complaints otherwise than on the merits.

Moreover, this Court is obligated to carefully scrutinize all filings and pleadings in foreclosure actions, since the unique nature of real property requires contracts and transactions concerning real property to be in writing. R.C. § 1335.04. Ohio law holds that when a mortgage is assigned, moreover, the assignment is subject to the recording requirements of R.C. § 5301.25. *Creager v. Anderson* (1934), 16 Ohio Law Abs. 400 (interpreting the former statute, G.C. § 8543). "Thus, with regards to real property, before an entity assigned an interest in that property would be entitled to receive a distribution from the sale of the property, their interest therein must have been recorded in accordance with Ohio law." *In re Ochmanek*, 266 B.R. 114, 120 (Bkrtcy.N.D. Ohio 2000) (citing *Pinney v. Merchants' National Bank of Defiance*, 71 Ohio St. 173, 177 (1904).[1]

This Court acknowledges the right of banks, holding valid mortgages, to receive timely payments. And, if they do not receive timely payments, banks have the right to properly file actions on the defaulted notes — seeking foreclosure on the property securing the notes. Yet, this Court possesses the independent obligations to preserve the judicial integrity of the federal court and to jealously guard federal jurisdiction. Neither the fluidity of

---

[1] Astoundingly, counsel at oral argument stated that his client, the purchaser from the original mortgagee, acquired complete legal and equitable interest in land when money changed hands, even before the purchase agreement, let alone a proper assignment, made its way into his client's possession.

-4-

the secondary mortgage market, nor monetary or economic considerations of the parties, nor the convenience of the litigants supersede those obligations.

Despite Plaintiffs' counsel's belief that "there appears to be some level of disagreement and/or misunderstanding amongst professionals, borrowers, attorneys and members of the judiciary," the Court does not require instruction and is not operating under any misapprehension. The "real party in interest" rule, to which the Plaintiff-Lenders continually refer in their responses or motions, is clearly comprehended by the Court and is not intended to assist banks in avoiding traditional federal diversity requirements.[2] Unlike Ohio State law and procedure, as Plaintiffs perceive it, the federal judicial system need not, and will not, be "forgiving in this regard."[3]

---

[2] Plaintiff's reliance on Ohio's "real party in interest rule" (ORCP 17) and on any Ohio case citations is misplaced. Although Ohio law guides federal courts on substantive issues, state procedural law cannot be used to explain, modify or contradict a federal rule of procedure, which purpose is clearly spelled out in the Commentary. "In federal diversity actions, state law governs substantive issues and federal law governs procedural issues." *Erie R.R. Co. v. Tompkins*, 304 U.S. 63 (1938); *Legg v. Chopra*, 286 F. 3d 286, 289 (6th Cir. 2002); *Gafford v. General Electric Company*, 997 F. 2d 150, 165-6 (6th Cir. 1993).

[3] Plaintiff's, "Judge, you just don't understand how things work," argument reveals a condescending mindset and quasi-monopolistic system where financial institutions have traditionally controlled, and still control, the foreclosure process. Typically, the homeowner who finds himself/herself in financial straits, fails to make the required mortgage payments and faces a foreclosure suit, is not interested in testing state or federal jurisdictional requirements, either *pro se* or through counsel. Their focus is either, "how do I save my home," or "if I have to give it up, I'll simply leave and find somewhere else to live."

In the meantime, the financial institutions or successors/assignees rush to foreclose, obtain a default judgment and then sit on the deed, avoiding responsibility for maintaining the property while reaping the financial benefits of interest running on a judgment. The financial institutions know the law charges the one with title (still the homeowner) with maintaining the property.

There is no doubt every decision made by a financial institution in the foreclosure process is driven by money. And the legal work which flows from winning the financial institution's favor is highly lucrative. There is nothing improper or wrong with financial institutions or law firms making a profit — to the contrary, they should be rewarded for sound business and legal practices. However, unchallenged by underfinanced opponents, the institutions worry less about jurisdictional requirements and more about maximizing returns. Unlike the focus of financial institutions, the federal courts must act as gatekeepers, assuring that only those who meet diversity and standing requirements are allowed to pass through. Counsel for the institutions are not without legal argument to support their position, but their arguments fall woefully short of justifying their premature filings, and utterly fail to satisfy their standing

## CONCLUSION

For all the foregoing reasons, the above-captioned Foreclosure Complaints are dismissed without prejudice.

**IT IS SO ORDERED.**

**DATE: October 31, 2007**

                                                    S/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

---

and jurisdictional burdens. The institutions seem to adopt the attitude that since they have been doing this for so long, unchallenged, this practice equates with legal compliance. Finally put to the test, their weak legal arguments compel the Court to stop them at the gate.
    The Court will illustrate in simple terms its decision: "Fluidity of the market" — "X" dollars, "contractual arrangements between institutions and counsel" — "X" dollars, "purchasing mortgages in bulk and securitizing" — "X" dollars, "rush to file, slow to record after judgment" — "X" dollars, "the jurisdictional integrity of United States District Court" — "Priceless."

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | | |
|---|---|---|---|
| IN RE FORECLOSURE ACTIONS | : : : : : : : : : : : : : : : : : : : : : : : | Case Nos. 1:07cv1007<br>07cv1059<br>07cv1060<br>07cv1122<br>07cv1252<br>07cv1367<br>07cv1515<br>07cv1827<br>07cv1872<br>07cv1936<br>07cv1981<br>07cv1985<br>07cv1992<br>07cv2010<br>07cv2257<br>07cv2636<br>07cv2643<br><br>JUDGE KATHLEEN M. O'MALLEY<br><br>**ORDER** | 1:07cv2660<br>07cv2677<br>07cv2776<br>07cv2789<br>07cv2797<br>07cv2826<br>07cv2951<br>07cv2961<br>07cv2963<br>07cv2993<br>07cv3022<br>07cv3039<br>07cv3143<br>07cv3259<br>07cv3306 |

Section I of the United States District Court for the Northern District of Ohio's *Fifth Amended General Order No. 2006-16* (October 10, 2007), captioned "The Complaint and Service," outlines specific filing requirements applicable to the numerous private foreclosure actions being filed in federal court. Specifically, Section 1.2.5 of that order provides:

> 1.2   The complaint must be accompanied by the following:
>
> \*\*\*
>
> 1.2.5   An affidavit <u>documenting</u> that the named plaintiff is the owner and holder of the note and mortgage, whether the original mortgagee or by later assignment, successor in interest or as a trustee for another entity.

*Fifth Amended General Order No. 2006-16* (October 10, 2007) (Emphasis added).[1] A foreclosure plaintiff, therefore, especially one who is not identified on the note and/or mortgage at issue, must attach to its complaint <u>documentation</u> demonstrating that it is the owner and holder of the note and mortgage upon which suit was filed. In other words, a foreclosure plaintiff must provide documentation that it is the owner and holder of the note and mortgage <u>as of the date the foreclosure action is filed</u>.

It is reasonably clear from Section 1.2.5 that an affidavit alone, in which the affiant simply attests that the plaintiff is the owner and holder of the note and mortgage, is insufficient to comply with Section 1.2.5's "documentation" requirement. To the extent a note and mortgage are no longer held or owned by the originating lender, a plaintiff must appropriately document the chain of ownership to demonstrate its legal status *vis-a-vis* the items at the time it files suit on those items. Appropriate "documentation" includes, but is not limited to, trust and/or assignment documents <u>executed before the action was commenced</u>, or both as circumstances may require.

In this case, the plaintiff is not identified on the note and mortgage as the original owner/holder, and has either: (1) not timely filed adequate documentation demonstrating that it was the owner and holder at the time it filed suit; or (2) filed documentation indicating that an assignment or execution of trust interest occurred, but occurred after the filing of the complaint.[2]

---

[1] None of the amendments to the order altered Section 1.2.5. That section has remained the same. Regardless, by its express terms, the *Fifth Amended General Order No. 2006-16* (October 10, 2007) applies to all then-pending and new foreclosure actions.

[2] The Court is only concerned with the date on which the documents were executed, not the dates on which they were recorded (if recorded) with the county recorder's office.

2

Accordingly, the plaintiff's complaint does not comply with Section 1.2.5 of the Court's *Fifth Amended General Order No. 2006-16* (October 10, 2007).[3]  This case is **DISMISSED without prejudice. Pursuant to the Court's local rules, if re-filed, this case shall be marked as related and reassigned to the undersigned**.[4]

IT IS SO ORDERED.

                s/Kathleen M. O'Malley
                KATHLEEN McDONALD O'MALLEY
                UNITED STATES DISTRICT JUDGE

Dated: November 14, 2007

---

[3] As of October 10, 2007 when it was issued, the Court's *Fifth Amended General Order No. 2006-16* automatically granted plaintiffs in then-pending foreclosure actions thirty (30) days to amend their pleadings to conform with, among other things, the order's owner/holder "documentation" requirement(s). As of November 9, 2007, the automatic thirty-day period in which to cure pleading defects in then-pending actions expired.

[4] Because it was dismissed for failure to comply with the Court's *Fifth Amended General Order No. 2006-16*, if this case is re-filed and ultimately proceeds to judgment, the Court will not award in a subsequent action any fees or expenses incurred in connection with this case (*i.e.*, the dismissed case).

3