IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNE EASLEY, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | NO. 08-4283 |
| v. | : | |
| | : | |
| NEW CENTURY MORTGAGE CORP. and | : | |
| DEUTSCHE BANK NATIONAL TRUST CO. | : | |
| | : | |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Deutsche Bank National Trust Company (hereinafter "Deutsche Bank"), by and through its undersigned counsel, respectfully submits its Supplemental Memorandum of Law in Support of Deutsche Bank's Motion to Dismiss. For the reasons set forth herein, and in Deutsche Bank's Motion to Dismiss, Plaintiff's Complaint must be dismissed with prejudice.

1. The Rooker-Feldman Doctrine Deprives The District Court Of Jurisdiction Over Plaintiff's Claims.

In response to Deutsche Bank's Motion to Dismiss, Plaintiff admits that several recent District Court decisions have applied the *Rooker-Feldman* doctrine under facts identical to the instant action. *See*, Hansford v. Bank of America, et al., 2008 WL 4078460 (E.D.Pa. Aug. 22, 2008); Laychock v. Wells Fargo Home Mortgage, et al., 2008 WL 2890962 (E.D.Pa. July 23, 2008). Each of these cases, on their own, and in conjunction with the numerous other District Court cases cited in Deutsche Bank's Motion, provide sufficient authority for the application of the *Rooker-Feldman* doctrine and the dismissal of this action.

1

In addition to the numerous District Court cases on point which have been decided in 2008, the Third Circuit Court of Appeals also recently decided a case directly on point to the facts of this case. *See*, Moncrief v. Chase Manhattan Mortgage Corp., et al., 275 Fed.Appx. 149 (3d Cir. 2008). Plaintiff in Moncrief, like the Plaintiff herein, brought an action in federal court against mortgage companies and others alleging mortgage fraud and due process violations arising out of a residential mortgage and a state court mortgage foreclosure default judgment. Id. at 152. The District Court in Moncrief granted the defendants' motions to dismiss based upon the *Rooker-Feldman* doctrine. 275 Fed.Appx. at 152. The Third Circuit affirmed, finding that the Plaintiff's claims were barred by the *Rooker-Feldman* doctrine since the Plaintiff sought to "appeal from" the state court's foreclosure judgment through the federal lawsuit. 275 Fed.Appx. at 152.

Plaintiff's argument that her claims could not have been raised in the mortgage foreclosure action and are therefore not barred by the *Rooker-Feldman* doctrine have also been rejected by the courts in this jurisdiction. For instance, in Andrew v. Ivanhoe Financial, Inc., 2008 WL 2265287, *2 (E.D.Pa. May 30, 2008), the Plaintiff argued that the *Rooker-Feldman* doctrine was inapplicable because the claims raised in the federal action (fraud, TILA, RESPA and Unfair Trade Practices) could not have been raised in a state court mortgage foreclosure action. The District Court rejected Plaintiff's argument, finding instead that Plaintiff's claims were inextricably intertwined with the state court's mortgage foreclosure judgment,

2

1442836v.1

> Although Plaintiffs are correct that Pennsylvania state court procedures do not provide for a counterclaim against a foreclosure petition, Plaintiffs could have filed a petition for relief from default under Rule 237.3.  If this Court were to grant Plaintiffs' RESPA and TILA claims, this would rescind the default and effectively negate the state court's foreclosure judgment, and basically allow a federal court to reverse settled state court real estate law.  There is no indication that Congress intended such a result in TILA, HOEPA, RESPA, or any other statute…If the Andrews wanted to challenge the foreclosure, their only option would have been to petition for relief under Rule 237.2 or appeal to the appropriate Pennsylvania state court.

Andrew v. Ivanhoe Financial, Inc., 2008 WL 2265287, *8.

The overwhelming majority of decisions of the Bankruptcy Courts and the District Courts in Pennsylvania and the Third Circuit Court of Appeals have held that the *Rooker-Feldman* doctrine deprives a federal court of subject matter jurisdiction over claims challenging a mortgage where a state court mortgage foreclosure judgment (default or otherwise) exists.  This Court therefore must dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

    2.    <u>Plaintiff's Section 1983 Claim Is Not A Cognizable Cause Of Action</u>.

Plaintiff's claim under 15 U.S.C. §1983 has similarly been rejected by the District Courts in this jurisdiction.

In <u>Laychock v. Wells Fargo Home Mortgage, et al.</u>, *supra*, Plaintiff alleged that defendant mortgage company violated Section 1983 in prosecuting defendant's state court mortgage foreclosure action.  2008 WL 2890962, *5.  The District Court rejected Plaintiff Laychock's argument and dismissed the Section 1983 claim on the ground that the claim was barred by the *Rooker-Feldman* doctrine, "Laychock's constitutional deprivation depends on a finding the foreclosure was illegal.  Such a finding requires deciding the state court was wrong in entering the default mortgage foreclosure," which

3

is barred by the *Rooker-Feldman* doctrine. Id. at *5, *citing* In re Knapper, 407 F.3d 573, 581 (3d Cir.2005). In Hansford v. Bank of America, *supra*, the District Court dismissed Plaintiff's Section 1983 claim finding that the Plaintiff had not been deprived of due process because she, like the Plaintiff herein, could have contested the mortgage foreclosure in state court. 2008 WL 4078460, *16.

For these reasons, and the reasons set forth in Defendant Deutsche Bank's Motion to Dismiss and accompanying Memorandum of Law, Defendant Deutsche Bank respectfully requests that Plaintiff's Complaint be dismissed, with prejudice.

Respectfully,

Kaplin Stewart Meloff Reiter & Stein, P.C.

/s/ Sandhya M. Feltes   #3018
Sandhya M. Feltes, Esq.
Union Meeting Corporate Center
910 Harvest Drive
Blue Bell, PA 19422
(610) 941-2561
(610) 684-2011 fax
Attorney for Defendant Deutsche Bank National Trust Co.

1442836v.1

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 19, 2008, I caused to be served a true and correct copy of Defendant Deutsche Bank National Trust Company's Supplemental Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's Complaint, upon the following via ECF Electronic Notification:

      Matthew B. Weisberg
      Prochniak Poet & Weisberg, P.C.
      7 South Morton Avenue
      Morton, PA  19070

      Kaplin Stewart Meloff Reiter & Stein, P.C.

 /s/  Sandhya M. Feltes          #3018
Sandhya M. Feltes, Esq.
Union Meeting Corporate Center
910 Harvest Drive
Blue Bell, PA 19422
(610) 941-2561
(610) 684-2011 fax
Attorney for Defendant Deutsche Bank National Trust Co.