**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Anne Easley : | |
| 243 West Tulpehocken St. : | |
| Apt. B-305 : | |
| Philadelphia, PA  19144 : | CIVIL ACTION NO.:  08-4283 |
| Plaintiff : | |
| : | |
| v. : | |
| New Century Mortgage Corp., et al : | |
| 18400 Von Karman Ste 1000 : | |
| Irvine, CA 90017 : | JURY OF TWELVE (12) JURORS DEMANDED |
| Defendants : | |

**PLAINTIFF'S REBUTTAL MEMORANDUM IN OPPOSITION TO DEFENDANT, DEUTSCHE BANK NATIONAL TRUST COMPANY'S SUPPLEMENTAL MEMORANDUM IN REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant portends that the weight of authority is against Plaintiff's presumption of this Honorable Court's jurisdiction.  On the contrary, a finer analysis reveals jurisdiction here properly lies not despite the Rooker-Feldman and claim/issue preclusion doctrines, but, rather, in respect thereof.

In Hansford, the Court found Plaintiff's prayer as for equitable as well as monetary relief. In that action as well as in Birchall v. Countrywide Home Loans, Inc., Civ.A. No. 08-2447 (E.D. Pa. December 23, 2008), the Court held Plaintiff's claims of monetary damages valid per instant Defendant's identical arguments of bankruptcy preclusion and Rooker-Feldman (bankruptcy preclusion denied outright as a defense).

Defendant cites Laychock but fails to note that Order is currently subject to a motion for vacatur and, if not vacated, reconsideration; thus, that trial court opinion is not binding in any respect.

Likewise, Defendant cites <u>Andrew</u>, which is factually inapposite-arising from misrepresentations as to both the property's defects and the purchase mortgage terms.  <u>Andrew</u> opines a foreclosure challenge (i.e., equitable relief) inextricably intertwined overlooking TILA/HOEPA and RESPA's claims of monetary damages.  <u>Andrew</u> ultimately dismissed the state causes of action (for damages) to state court (there, unlike here, being non-diverse parties).

In all, however, the District Courts have made clear: (1) a state foreclosure default judgment is not on the merits; (2) Pennsylvania precludes Plaintiff's instant claims as affirmative defenses ("new matter") and counterclaims in response to a foreclosure; and (3) the United States Supreme Court reverses over-application of the <u>Rooker-Feldman</u> doctrine, even declaring in dicta the doctrine dead.  In faulting federal plaintiffs for failing to contest state foreclosures, the District Courts incorrectly superimpose *inextricably intertwined* over Pennsylvania's statutory dictate that a default judgment is not on the merits.  Regardless, none of these courts hold, as Plaintiff here avers, standing, jurisdiction, servicing, and federal statutory violations requiring equitable and monetary relief as federal jurisdictionally prohibited.

Defendant cites <u>Moncrief</u>, a non-precedential opinion brought by a *pro se* Plaintiff-Appellant resulting in a *per curiam* order arising from a litigated foreclosure wherein Plaintiff-Appellant made a specious claim of Appellee-Defendant's mortgage forgery (Plaintiff-Appellant also brought a civil rights count against the state court judge and sought the District Court judge recuse itself upon like specious grounds).  <u>Moncrief</u> should be disregarded.

Likewise, <u>In re Knapper</u> was an appeal to the Third Circuit from a bankruptcy adversary's appeal to the District Court, which adversary was brought contending defendant's defective service of process in its foreclosure requiring the Federal Court strike the state court's default judgment.  <u>Knapper</u> is also factually inapposite.

Notably, Knapper was cited by Jackson v. Rohm & Haas Co., 2005 U.S. Dist. LEXIS 13195, wherein the District Court held a Federal complaint alleging injury caused "not by the state court's legal error but by the Defendants' alleged fraud" **correctly jurisdictioned**-"the Rooker-Feldman doctrine is not a bar to this Court's subject-matter jurisdiction." (Negative treatment on other grounds at related later proceedings).

Contrary to Defendant's claim of *clear* precedential support for its position, the opposite is the case. In fact, Defendant cites no binding precedential authority on point. On the contrary, Plaintiff cites the United States Supreme Court reversing this Circuit, respectfully, requiring this Honorable Court allow Plaintiff's claim to proceed. In the alternative, Plaintiff requests, as the weight of authority holds, her prayer for monetary damages survive.

WHEREFORE, Defendant's Motion should be denied. To the extent Defendant's Motion's granting is entertained by this Honorable Court, Plaintiff requests oral argument.

        PROCHNIAK WEISBERG, P.C.

        BY:   /s/ Matthew B. Weisberg
        MATTHEW B. WEISBERG
        Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Anne Easley | : | |
| 243 West Tulpehocken St. | : | |
| Apt. B-305 | : | |
| Philadelphia, PA  19144 | : | CIVIL ACTION NO.:  08-4283 |
| Plaintiff | : | |
| | : | |
| v. | : | |
| New Century Mortgage Corp., et al | : | |
| 18400 Von Karman Ste 1000 | : | |
| Irvine, CA 90017 | : | JURY OF TWELVE (12) JURORS DEMANDED |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 26th day of January 2009, a true and correct copy of the above captioned Plaintiff's Rebuttal Memorandum in Opposition to Defendant, Deutsche Bank National Trust Company's Supplemental Memorandum in Reply to Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint was served regular mail upon the following parties:

Sandhya M. Feltes, Esq.
Kaplin Stewart
Union Meeting Corp. Center
910 Harvest Dr.
P.O. Box 3037
Blue Bell , PA 19422

New Century Corporation
18400 Von Karman, Ste. 1000
Irvine, CA 90017

                                              PROCHNIAK WEISBERG, P.C.

                                        BY:   /s/ Matthew B. Weisberg
                                                    MATTHEW B. WEISBERG
                                                    Attorney for Plaintiff