IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANNE EASLEY : CIVIL ACTION
 :
 v. :
 : No. 08-4283
NEW CENTURY MORTGAGE CORP., et al. :

## <u>MEMORANDUM</u>

Ludlwig, J.            July 28, 2009

  This is a predatory lending case.  The complaint sets forth violations of 42 U.S.C. §

1983 (Count VI), the Fair Debt Collection Practices Act, 15 U.S.C. §1692e(8) (Count I), and

the Bankruptcy Code (Count III), together with state law claims.[1]  The action arises from a

residential mortgage loan.  Defendant Deutsche Bank National Trust Company, as mortgage

assignee, moves to dismiss.  Fed. R. Civ. P. 12(b)(1 and (6).

  On August 26, 2004, plaintiff was issued a loan by New Century Mortgage Corp.

secured by a fixed-rate mortgage, later assigned to Deutsche Bank. Complaint, ¶¶ 13, 14.  On

September 29, 2005, plaintiff filed for bankruptcy protection.  <u>Id.</u>, ¶ 15; docket entries in <u>In</u>

<u>re: Easley</u>, No. 05-33533, exhibit "C" to defendant's motion.  On August 18, 2006, the

Bankruptcy Court approved a stipulation under which plaintiff agreed to make both arrearage

and regular monthly payments to Deutsche Bank.  Complaint, ¶ 16; exhibit "C" to

---

[1] State law violations include: Pennsylvania's Unfair Trade Practice and Consumer Protection law, 73 P.S. § 201 (Count II); Pennsylvania's Fair Credit Extension Uniformity Act, 73 Pa.C.S.A. § 2270.1 <u>et seq.</u> (Count IV); Act 6, [ ] P.S. § 403, and Act 9, 35 P.S. § 1680.401c <u>et seq.</u> (Count V); Wrongful use of Civil Proceedings, 42 Pa.C.S.A. § 8351 <u>et seq.</u>; Abuse of Process (Count VIII); and common law fraud, breach of contract, negligence, slander, defamation, and negligent and fraudulent misrepresentation.

defendant's motion.  When plaintiff did not pay the February or March 2007 installments, Deutsche Bank filed a "Certification of Default" in the still pending bankruptcy case, requesting relief from the automatic stay.  Certification, Exhibit "B" to defendant's motion. Plaintiff did not oppose the request, and on April 20, 2007, the Bankruptcy Court granted Deutsche Bank permission to foreclosure on plaintiff's property.  Docket entries in In re: Easley, exhibit "C" to defendant's motion; April 20, 2007 order, exhibit "D" to defendant's motion.

On August 21, 2007, Deutsche Bank commenced foreclosure proceedings in the Philadelphia Court of Common Pleas.  Complaint, ¶ 25; docket entries, exhibit "E" to defendant's motion.  Plaintiff did not answer or defend, and a default judgment was entered. Exhibit "E" to defendant's motion.  On June 6, 2008, the property was sold at sheriff's sale. Complaint, ¶ 28.

On September 8, 2008, plaintiff filed this action, requesting, inter alia, recission of the loan, return of the property free and clear, return of funds given by plaintiff, forfeiture of loan proceeds, statutory, compensatory and punitive damages.  Complaint, *ad damnum* clause. Deutsche Bank's motion to dismiss will be granted.[2]

*Rooker-Feldman* bars review of state court mortgage foreclosure proceedings.  The doctrine "is narrowly tailored and only applies to 'cases brought by state-court losers

---

[2] Plaintiff has moved for a default judgment against defendant New Century Mortgage Corporation (docket no.17).  However, service was made by certified mail (docket no. 3), rather than by restricted delivery, as required.  Accordingly, the clerk did not enter the requested judgment.

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those proceedings.'" Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).[3] It prohibits the exercise of lower federal court jurisdiction over claims that were actually litigated in state court[4] or where the claim is inextricably intertwined with the state court's adjudication. ITT Corp. v. Intelnet Int'l. Corp., 366 F.3d 205, 210 (3d Cir. 2004).[5]

Here, plaintiff's claims for recission of her loan and termination of defendant's security interest in the property are barred. Moreover, "[i]nsofar as Plaintiff['s] action in this court would require a determination that [her] liability on the mortgage differs ( i.e., is less

---

[3] "*Rooker-Feldman* does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its own orders." In re Knapper, 407 F.3d 573, 580 (3d Cir. 2005). "A mortgage foreclosure action depends upon the existence of a valid mortgage. A proper claim that a loan must be rescinded . . . would have the effect of invalidating the mortgage. If [plaintiff's] claim for recission were permitted to proceed and [plaintiff] obtained a favorable judgment, the resulting federal judgment would necessarily negate the state court foreclosure judgment, a judgment which had been rendered prior to the commencement of [this action]. This result is precisely the outcome prohibited by the *Rooker-Feldman* doctrine." In re Madera, 388 B.R. 586, 597-98 (E.D. Pa. 2008) (dismissing TILA claim following default foreclosure judgment).

[4] The doctrine is equally applicable in cases involving entry of default judgments in state court. In re Knapper, 407 F.3d 573, 581 (3d Cir. 2005); In re Stuart, 367 B.R. 541, 550 (E.D. Pa. 2007).

[5] "A federal claim is 'inextricably intertwined' with an issue adjudicated by a state court when: (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take action that would negate the state court's judgment." Andrew v. Ivanhoe Financial, Inc., 2008 WL 2265287, at *7 (E.D. Pa., filed May 30, 2008), citing Walker v. Horn, 385 F.3d 321, 330 (3d Cir. 2004) (finding relief under RESPA, TILA and HOEPA barred by *Rooker-Feldman* where default judgment in state court foreclosure proceedings had been entered prior to commencement of federal action).

than) the amount of the state court foreclosure judgment . . . such relief is precluded by *Rooker-Feldman*." In re Stuart, 367 B.R. 541, 552 (E.D. Pa. 2007). Plaintiff's request for return of funds paid by plaintiff under the mortgage, and forfeiture of loan proceeds are not subject to review. A judgment in plaintiff's favor would have the effect either of negating the state court's judgment or constituting a finding that the judgment was erroneously entered.

Furthermore, as argued by Deutsche Bank, res judicata bars review of issues that are not precluded by *Rooker-Feldman*, but were or could have been decided and resolved by the state court in the foreclosure proceedings.[6] In particular, defendant points to claims that defendant did not accurately account for payments made by plaintiff (¶ 23), improperly instituted the mortgage foreclosure proceedings (¶ 25), lacked standing to sue for foreclosure (¶ 26), and failed to provide appropriate notices under Acts 6 and 91 under Pennsylvania law (¶ 26). However, those issues have been conclusively determined in defendant's favor by entry of the default judgment in the mortgage foreclosure action, and plaintiff may not now

---

[6] "The application of res judicata requires the concurrence of four conditions between the present and prior actions: (1) identity of issues; (2) identity of causes of action; (3) identity of parties or their privies; and (4) identity of the quality or capacity of the parties suing or being sued." Radakovich v. Radakovich, 846 A.2d 709, 715 (Pa. Super. 2004) (citations omitted).

"The rule in . . . Pennsylvania is that a default judgment is a valid and final adjudication on the merits and therefore has res judicata effect barring future litigation." Kramer v. Kubicka, 2006 WL 1644, at *3 (D.N.J., June 9, 2006). However, "[a] default judgment cannot be used for collateral estoppel purposes because issues are not 'actually litigated.'" Mathews v. Little, 1992 WL 236262, at * 3 (E.D. Pa., Sept. 9, 1992) (citations omitted). Defendant cannot rely on the doctrine in this case.

4

relitigate them in this action.[7]

Plaintiff's § 1983 claim also must be dismissed because Deutsche Bank is not a state actor, and the mortgage foreclosure proceeding is not state action. In order to plead a claim under 42 U.S.C. § 1983, plaintiff must "demonstrate a violation of a right secured by the Constitution and the laws of the United States [and] that the alleged deprivation was committed by a person acting under color of state law." Nanya-Nashut v. Centex Home Home Equity Corp., 2003 WL 22871667, at *1 (E.D. Pa. 2003), quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995). "'under color of state law' has the same meaning as 'state action.'" Nanya-Nashut, at *1, citing United States v. Price, 383 U.S. 787, 794 n.7 (1966). "Even when a bank and an attorney utilize state foreclosure procedures, that will not constitute state action." Nanya-Nashut, at *2, citing Shipley v. First Federal Savings and Loan Ass'n. of Del., 703 F.Supp. 1122, 1129-31 (D. Del. 1988), aff'd, 877 F.2d 57 (3d Cir. 1987). The complaint does not allege state action, and plaintiff's § 1983 claim must therefore be dismissed.

BY THE COURT:


/s/   Edmund V. Ludwig
Edmund V. Ludwig, J.

---

[7] Moreover, plaintiff had an opportunity to litigate the accounting issues in the context of her bankruptcy action (¶ 39) and did not do so.