## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Anne Easley | : | |
| 243 West Tulpehocken St. | : | |
| Apt. B-305 | : | |
| Philadelphia, PA  19144 | : | CIVIL ACTION NO.:  08-4283 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| New Century Mortgage Corp., et al | : | |
| 18400 Von Karman Ste 1000 | : | |
| Irvine, CA 90017 | :JURY OF TWELVE (12) JURORS DEMANDED | |
| Defendants. | : | |

### <u>ORDER</u>

AND NOW this _____ day of _____, 2009, upon consideration

of Plaintiff's Motion for Reconsideration, and any response thereto, it is hereby ORDERED and

DECREED that Plaintiff's Motion is GRANTED, and the Order dated July 28, 2009 (dismissing

Plaintiff's Complaint) is VACATED

**AND IT IS SO ORDERED.**


_____
Edmund V. Ludwig, J.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Anne Easley | : | |
| 243 West Tulpehocken St. | : | |
| Apt. B-305 | : | |
| Philadelphia, PA  19144 | : | CIVIL ACTION NO.:  08-4283 |
| Plaintiff, | : | |
| | : | |
| v | : | |
| | : | |
| New Century Mortgage Corp., et al | : | |
| 18400 Von Karman Ste 1000 | : | |
| Irvine, CA 90017 | :JURY OF TWELVE (12) JURORS DEMANDED | |
| Defendants. | : | |

## <u>ALTERNATE ORDER</u>

AND NOW this _____ day of _____, 2009, upon consideration of Plaintiff's Motion for Reconsideration, and any response thereto, it is hereby ORDERED and DECREED that Plaintiff's Motion is GRANTED, and the Order dated July 28, 2009 (dismissing Plaintiff's Complaint) is VACATED to the extent it dismisses Plaintiff's state law claims with prejudice.

Plaintiff's state law claims are hereby dismissed without prejudice and remanded to the Court of Common Pleas.  Jurisdiction is relinquished.

**AND IT IS SO ORDERED.**


_____
Edmund V. Ludwig, J.

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Anne Easley | : | |
| 243 West Tulpehocken St. | : | |
| Apt. B-305 | : | |
| Philadelphia, PA  19144 | : | CIVIL ACTION NO.:  08-4283 |
|                    Plaintiff, | : | |
| | : | |
|        v | : | |
| | : | |
| New Century Mortgage Corp., et al | : | |
| 18400 Von Karman Ste 1000 | : | |
| Irvine, CA 90017 | :JURY OF TWELVE (12) JURORS DEMANDED | |
|                    Defendants. | : | |

## PLAINTIFF'S MOTION FOR RECONSIDERATION

Incorporating by reference the attached Memorandum of Law, Plaintiff requests this Honorable Court reconsider and vacate its Order of dismissal ("Order") of Plaintiff's Complaint. In the alternative, Plaintiff requests this Honorable Court vacate its Order to the extent Plaintiff's state law claims are dismissed without prejudice, thereafter relinquishing jurisdiction of those state law claims to the Court of Common Pleas.

WHEREFORE, Plaintiff requests this Honorable Court reconsider and vacate its Order of dismissal of Plaintiff's Complaint.  In the alternative, Plaintiff requests this Honorable Court vacate its Order over Plaintiff's state law claims, instead relinquishing those state law claims to the Court of Common Pleas.

PROCHNIAK WEISBERG, P.C.


/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Anne Easley | : | |
| 243 West Tulpehocken St. | : | |
| Apt. B-305 | : | |
| Philadelphia, PA  19144 | : | CIVIL ACTION NO.:  08-4283 |
| Plaintiff, | : | |
| | : | |
| v | : | |
| | : | |
| New Century Mortgage Corp., et al | : | |
| 18400 Von Karman Ste 1000 | : | |
| Irvine, CA 90017 | : | JURY OF TWELVE (12) JURORS DEMANDED |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION**

**I.      Procedural Posture**

Dated July 28, 2009 (entered July 29, 2009), this Honorable Court entered its Order ("Order") dismissing Plaintiff's Complaint (Docket No. 1) upon Defendant's, Deutsche Bank National Trust Co. ("Deutsche"), Motion to Dismiss (No. 4).

This Motion for reconsideration timely follows.

**II.      Standard**

"A motion to alter or amend a judgment must be filed no later than 10[1] days after the entry of the judgment."  FRCP 59(e).  For "mistake" or "any other reason that justifies relief," the Court may grant movant relief from a final judgment and order upon "just terms" filed within a reasonable time no more than a year after the entry of the judgment or order.  FRCP 60(b)(1) & (6).  A motion for reconsideration may be granted to correct manifest injustice or clear error. Choi v Kim, 258 Fed.App'x. 413, 416 (C.A.3 1997).

**III.      Argument**

---

[1]    Intermediate weekends and holidays are excluded. FRCP 6(a)(2).

Respectfully requesting reconsideration, this Honorable Court committed an error of law and mistake when it dismissed Plaintiff's Amended Complaint with prejudice pursuant to Rooker-Feldman[2] without granting Plaintiff leave to file a curative amended complaint or, alternatively, without relinquishing jurisdiction over Plaintiff's state law claims.

In its Opinion, this Honorable Court found plaintiff's complaints that defendant: (1) did not accurately account for payments made by plaintiff; (2) improperly instituted mortgage foreclosure proceedings; and (3) lacked standing to sue for foreclosure. As to those averments, the Court held plaintiff's equitable requests for rescission, return of the property, and forfeiture of loan proceeds barred by Rooker-Feldman. Respectfully requesting reconsideration, the Court did not adjudicate plaintiff's Complaint's remaining claims.

Not stated in the Opinion, plaintiff's Complaint additionally avers defendant made incorrect credit reportings.  (No. 1, ¶¶20&29).  Likewise, the Court did not adjudicate plaintiff's damages claim.  As to Rooker-Feldman, the Court addressed solely Defendant's (and not Plaintiff's) arguments.  This Honorable Court should reconsider its Order to address the above omissions as well as plaintiff's underlying arguments in opposition.

To the extent this Honorable Court denies plaintiff's request for reconsideration of its Order (as omitting an analysis of additionally pleaded facts and plaintiff's opposition arguments), plaintiff requests reconsideration of the Court's holding that Rooker-Feldman bars plaintiff's action for damages. As argued in plaintiff's Rebuttal (No. 15), Hansford, supra., Birchall, supra., and Laychock, supra., decisions on point recently decided within the Eastern District, hold plaintiff's instant claim for damages not Rooker-Feldman precluded. This Honorable Court did not analyze plaintiff's damages claim in its Opinion.

---

[2] The Opinion holding that "defendant cannot rely on the [*res judicata*] doctrine in this case…"

That said, this Honorable Court should reconsider its application of Rooker-Feldman preclusion, globally.  Plaintiff has pleaded or, if not, can plead defendant's state court judgment was procured by "fraud, deception, accident or mistake," and damages due to the "collection practices of defendant."

Courts that have considered *Rooker-Feldman* challenges to similar collection claims since *Exxon* have found that the doctrine does not apply.  Kafele v. Lerner, Sampson & Rothfuss, L.P.A., 2005 Fed.Appx. 1006N (C.A.6 2005) ("[t]he *Rooker-Feldman* doctrine does not preclude federal courts from reviewing claims alleging that the state court judgment was procured by fraud, deception, accident or mistake"); Long v. Shorebank Dev. Corp., 182 F.3d 548 (C.A.7 1999) ("[t]he Counts in Long's Complaint alleging violations of the FDCPA are independent from the eviction…and, therefore, *Rooker-Feldman* does not apply to those in these claims"; Long could not have raised the FDCPA claim in state court eviction action); Wyles v. Excalibur I, L.L.C., 2006 W.L. 2583200 (D.Minn. 2006) ("**because in   FDCPA Plaintiff is not challenging the validity of the debt, but rather** *the collection practices of the creditor*, a claim under the FDCPA is an 'independent claim' from a state court action to collect a debt…") (emphasis added); Whittiker v. Deutsche Bank Nat. Trust Co., 605 F.supp.2d 914, 921 (N.D.OH. 2009) (citing Pittman v Cuyahoga County Dept. of Children and Family Services, 241 Fed. Appx. 285, 287 (C.A.6 2007)); Johnson v. CGR Servs. Inc., 2005 W.L. 991770 (N.D.Ill. 2005) (because the collection claims accrued prior to the state court judgment, motion to dismiss was denied).

To the extent this Honorable Court's reconsideration suggests an Amended Complaint would serve to clarify or better those claims, plaintiff requests leave to file a curative Amended Complaint.  In fact, District Courts are so directed to grant without even that request.

If globally reconsidered, plaintiff requests this Honorable Court vacate its Order. Alternatively, plaintiff's damages claim should not be dismissed nor should plaintiff's claims of defendant's judgment procured via fraud, deception, accident or mistake, or plaintiff's claims regarding defendant's inappropriate collection practices be precluded (or be precluded from being better pleaded within an Amended Complaint).

The Court should freely give leave to amend a Complaint "when justice so requires." FRCP 15(a)(2).  The Court should grant Plaintiffs leave to amend their Complaint unless futile or prejudicial *even if not requested*. Adams v Gould, Inc., 739 F.2d 858, 868-870 (C.A.3 1984); Arthur V. Maersk, Inc., 434 F.3d 196, 204-2017 (C.A.3 2006); Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (C.A.3 1993).  "Prejudice" is often used as a misnomer – *prejudice* is not defined by the requirement of ongoing litigation or defense but instead results from an inability to defend. Id.

Respectfully requesting reconsideration, this Honorable Court should grant Plaintiff leave to file a curative Amended Complaint.[3]

To the extent plaintiff's prior requests for reconsideration are denied, plaintiff alternatively requests this Honorable Court vacate its Order to allow the state court adjudicate the to the state causes of action held intertwined with state foreclosure default judgment.

On its face, the state law claims as averred in the Complaint do not meet the jurisdictional minimum ($75,000.00) for diversity jurisdiction.[4]  Moreover, Pennsylvania claims, which this

---

[3]   Local rules do not require a proposed amendment be attached to this motion.  Appellate precedent holds likewise vis-à-vis directing a District Court grant leave to amend without even request.  However, if this Honorable Court deems a review of the amended pleading requisite to instant adjudication, Plaintiff requests leave upon the Court's Order to supplement.

[4]   While not necessary as argued, if this Honorable Court requires, Plaintiff will limit the entirety of her entitlement to recovery to under that minimum.

Honorable Court held were intertwined with the Pennsylvania default judgment should, respectfully, be best served by a Pennsylvania Court's adjudication.

Supplemental jurisdiction "**must**" be declined in lieu of adjudicating pendent State law claims unless consideration is provided in affirmative justification otherwise. Borough of West Mifflin v. Lancaster, 45 F.3d 780 (C.A.3 1995) (emphasis added). In adjudicating a peculiar State law question, that analysis should be left to the State Court. Burford v. Sun Oil Co., 319 U.S. 315 (1943); Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25 (1959).

As to the state law claims, this Court should, respectfully, reconsider its Order instead dismissing those claims without prejudice remanding those state law claims to the State Court.

**III.    Conclusion**

Respectfully, plaintiff requests wholesale reconsideration. The Opinion did not adjudicate plaintiff's pleadings of defendant's wrongful credit reportings. The Opinion omits analysis of plaintiff's damages claim. The Opinion omits discussion of Plaintiff's Rooker-Feldman opposition arguments. These omissions are mistakes and errors of law requiring reconsideration of plaintiff's Complaint and filings (incorporated by reference) in opposition to defendant's subject Motion to Dismiss.

The Court held that Pennsylvania does not hold default judgments to have *res judicata* effect. If the state foreclosure judgment is not on the merits and plaintiff has pleaded (or should be granted leave to plead) defendant's misconduct giving rise to that judgment, then Rooker-Feldman does not bar plaintiff's claims. If it does, it does not bar plaintiff's claim for damages. Otherwise, the state court should decide the state law claims.

WHEREFORE, Plaintiff requests this Honorable Court reconsider and vacate its Order of dismissal of Plaintiff's Complaint. In the alternative, Plaintiff requests this Honorable Court

vacate its Order over Plaintiff's state law claims, instead relinquishing those state law claims to

the Court of Common Pleas.

PROCHNIAK WEISBERG, P.C.


/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Anne Easley | : |
| 243 West Tulpehocken St. | : |
| Apt. B-305 | : |
| Philadelphia, PA  19144 | :     CIVIL ACTION NO.:  08-4283 |
| Plaintiff | : |
| | : |
| v. | : |
| New Century Mortgage Corp., et al | : |
| 18400 Von Karman Ste 1000 | : |
| Irvine, CA 90017 | :JURY OF TWELVE (12) JURORS DEMANDED |
| Defendants | : |

## <u>CERTIFICATE OF SERVICE</u>

I, Matthew B. Weisberg, Esquire, hereby certify that on this 12th day of August, 2009, a true and correct copy of the foregoing Plaintiff's Motion for Reconsideration and Memorandum of Law in support thereof were served via ECF, upon the following parties:

Sandhya M. Feltes, Esq.
Kaplin Stewart
Union Meeting Corp. Center
910 Harvest Dr.
P.O. Box 3037
Blue Bell , PA 19422

New Century Corporation
18400 Von Karman, Ste. 1000
Irvine, CA 90017

PROCHNIAK WEISBERG, P.C.


/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorneys for Plaintiff