IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANNE EASLEY, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | NO. 08-4283 |
| v. | : | |
| | : | |
| NEW CENTURY MORTGAGE CORP. and | : | |
| DEUTSCHE BANK NATIONAL TRUST CO. | : | |

**<u>ORDER</u>**

AND NOW, this         day of             , 2009, upon consideration of Defendant

Deutsche Bank National Trust Company's Response in Opposition to Plaintiff's Motion

for Reconsideration of the Court's July 28, 2009 Order granting Deutsche Bank's Motion

to Dismiss, it is hereby Ordered that Plaintiff's Motion for Reconsideration is DENIED.

BY THE COURT:

_____
                                    J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANNE EASLEY,                                :
                                            :
        Plaintiff                           :        CIVIL ACTION
                                            :        NO. 08-4283
        v.                                  :
                                            :
NEW CENTURY MORTGAGE CORP. and              :
DEUTSCHE BANK NATIONAL TRUST CO.            :

**DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY'S
RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendant Deutsche Bank National Trust Company (hereinafter "Deutsche Bank"), by and through its undersigned counsel, hereby responds in Opposition to Plaintiff's Motion for Reconsideration of the Court's July 28,2009 Order granting Deutsche Bank's Motion to Dismiss.   The Court's dismissal of Plaintiff's claims against Deutsche Bank grounded in fact and law and therefore, Plaintiff's Motion for Reconsideration should be denied.

**I.        STATEMENT OF FACTS AND PROCEDURAL HISTORY**

This action arises out of a mortgage loan obtained by Plaintiff from New Century Mortgage Corporation (hereinafter "New Century") in or around August, 2004.   The Mortgage and Note were subsequently sold and assigned by New Century to Deutsche Bank.  Deutsche Bank had no involvement in the loan origination or loan closing.

On September 29, 2005, Plaintiff filed for bankruptcy protection in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania.[1]   On August 6, 1006, Plaintiff and Deutsche Bank entered into a Stipulation which was approved by the Bankruptcy

---

[1] *In re: Easley*, No. 05-33553

1

Court. Pursuant to the Stipulation, Plaintiff agreed to make arrearage payments and regular monthly mortgage payments to Deutsche Bank.  Plaintiff agreed that she owed the amounts identified in the Stipulation.

In contravention to the Stipulation, Plaintiff failed to make her regular mortgage payments for February and March, 2007.  As a result, Deutsche Bank filed a Certification of Default, expressly stating that Plaintiff failed to make the aforesaid mortgage payments and requesting that the Bankruptcy Court lift the automatic stay.  Plaintiff did not oppose the Certification of Default.

On April 20, 2007, the Bankruptcy Court granted Deutsche Bank relief from the Automatic Stay and expressly allowed Deutsche Bank to proceed with a mortgage foreclosure action against Plaintiff's property at 114 West Washington Lane, Philadelphia.

In accordance with the Bankruptcy Court's Order, Deutsche Bank instituted a mortgage foreclosure action against Plaintiff in the Court of Common Pleas of Philadelphia County on August 21, 2007.   Plaintiff failed to respond to, or defend against, the mortgage foreclosure action.  As a result, a default judgment in mortgage foreclosure was entered against Plaintiff.  On June 16, 2008, the property was sold at sheriff's sale to Deutsche Bank.

On September 5, 2008, Plaintiff instituted the instant action.  On October 3, 2008, Deutsche Bank filed a Motion to Dismiss all Counts of the Complaint because Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, *res judicata* and *collateral estoppel*. Plaintiff did not seek to amend the Complaint after receiving Deutsche Bank's Motion to Dismiss or during the time that the Motion was pending before the Court.

2

On July 28, 2009, the Court issued and Order and Memorandum granting Deutsche Bank's Motion to Dismiss.  The Court found that it was barred under the Rooker-Feldman doctrine from reviewing Plaintiff's claims and request for relief because a result in favor of Plaintiff would, "require a determination that [her] liability on the mortgage differs (i.e., is less than) the amount of the state court foreclosure judgment…." Opinion, at pp.3-4 (*citing* In re Stuart, 367 B.R. 541, 552 (E.D.Pa.2007)).

 On August 12, 2009, Plaintiff filed a Motion for Reconsideration of the Court's July 28, 2009.  In a blatant attempt to avoid the application of the *Rooker-Feldman* doctrine at any cost, Plaintiff now seeks to amend the Complaint to include allegations – never before pled or even alluded to - that the state court mortgage foreclosure action was procured by fraud.  Further, despite the fact that a party is required to plead fraud with particularity under Fed.R.C.P. 9(b), Plaintiff has neither alleged any specific facts which would warrant amendment after the entry of judgment, but has also failed to attach a proposed amended complaint containing any specific fraud allegations.

For the reasons set forth herein, Plaintiff's request for reconsideration and request to amend the complaint should be denied.

## II.     STANDARD OF REVIEW

### A.     Standard For Reconsideration

A party moving for reconsideration of a district court's ruling must base its motion on one of three narrow grounds: (1) the availability of newly-discovered evidence; (2) an intervening change in governing law; or (3) a "clear" error of law made by the district court in its ruling. North River Ins. v. CIGNA, 52 F.3d 1194, 1218 (3d Cir.1995) (stating proper grounds for motion for reconsideration).

3

A litigant is not permitted to use a motion for reconsideration as a vehicle to make arguments that it failed to make earlier or to re-litigate earlier arguments once again. Babyage.com, Inc. v. Toys "R" Us, 2008 WL 2644207, *1 (E.D.Pa. July 2, 2008). Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration as it is improper to "ask the Court to rethink what [it] had already thought through-rightly or wrongly." Wilson v. Halter, No. 00-468, 2001 WL 410542, at *2 (E.D.Pa. Apr.18, 2001), aff'd Wilson v. Massanari, 27 Fed. Appx. 136 (3d Cir.2002) (citing Burger King Corp. v. New England Hood and Duct Cleaning Co., , 2000 WL 133756, at *2 (E.D.Pa. Feb.4, 2000)).

"Federal district courts should grant such motions sparingly because of their strong interest in finality of judgment." Seleras v. M/V Cartegena de Indias, 959 F.Supp 270 (E.D.Pa.1997) quoting Continental Cas. Co. v. Diversified Indus., Inc., 884 F.Supp 937, 943 (E.D.Pa.1995).

Here, Plaintiff's request for reconsideration is not supported by newly discovered evidence, a change in the law or a clear error of law by the District Court.   Rather, the Plaintiff's argue that the Court should come to a different conclusion based upon the same case law and facts which were initially presented to the Court.   Inasmuch as Plaintiff has pointed to no new facts, law or error of law, Plaintiff's Motion for Reconsideration should be denied.

### B.      Standard for Amendment of Pleadings

Federal Rule of Civil Procedure 15(a) states that "leave [to amend] shall be freely given when justice so requires." Id   However, "A district court may deny leave to amend a complaint if a plaintiff's delay in seeking amendment is undue, motivated by bad faith,

or prejudicial to the opposing party." <u>Cureton v. Nat'l Collegiate Athletic Ass'n.</u>, 252 F.3d 267, 273 (3d Cir.2001)   <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Fed.R.Civ.P. 15(a).

"Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." <u>Shane v. Fauver</u>, 213 F.3d 113, 115 (3d Cir.2000).

The Third Circuit has consistently held that justice does not so require when amendment would be futile. <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (2002) (amendment need not be permitted when inequitable or futile); see also <u>Shane v. Fauver</u>, 213 F.3d 113, 115 (2000). Thus, if a claim would still be deficient even after the pleading was amended, leave to amend should not be granted.  *See also*, <u>F.D.I.C. v. Bathgate</u>, 27 F.3d 850, 874 (3d Cir.1994) (discussing district court's decision to deny motion to amend based on futility of proposed amendment).

**III.    THE COURT CORRECTLY DETERMINED THAT THE *ROOKER-FELDMAN* DOCTRINE BARS PLAINTIFF'S CLAIMS**

This Court correctly determined that the Plaintiff's claims, and the relief sought therein, cannot be litigated in the federal court under the *Rooker-Feldman* doctrine.

The case law in this jurisdiction, and numerous others, interpreting the *Rooker-Feldman* doctrine  is clear that the District Court does not have jurisdiction over claims or relief which could result in a rejection of the state court proceedings.  Under the *Rooker-Feldman* doctrine, "lower federal courts may not sit in direct review of the decisions of a state tribunal." <u>Gulla v. North Strabane Township</u>, 146 F.3d 168, 171 (3d Cir.1998).  a claim is barred by the *Rooker-Feldman* doctrine if: (1) "the federal claim was actually litigated in state court prior to the filing of the federal action" or (2) "if the federal claim

5

is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." Id. Thus, a plaintiff is foreclosed from seeking relief in federal court that would "prevent a state court from enforcing its orders." In re Knapper, 407 F.3d 573, 580 (3d Cir.2005).

Numerous recent decisions in this jurisdiction have held that the *Rooker-Feldman* doctrine bars a borrower's claim for rescission of the mortgage where a state court foreclosure judgment has been entered, whether by default or otherwise, against the borrower. *See,* Lassi v. Bank of America, 2009 WL 2342640 (E.D.Pa. July 29, 2009); Flannery v. MidPenn Bancorp., Inc., 2008 WL 5113437 (M.D.Pa.Dec. 3, 2008); Madera v. Deutsche Bank National Trust Company, et al., 388 B.R. 586, 509 (E.D.Pa.2008); In re Cooley, 2007 WL 781952 (Bankr.E.D.Pa. Mar.13, 2007); In re Stuart, 2007 WL 1032261 (Bankr.E.D.Pa. Apr.6, 2007).

In accordance with the above referenced cases, the District Court correctly determined that it does not have subject matter jurisdiction over Plaintiff's claims for rescission of the loan, termination of Deutsche Bank's security interest in the property or any monetary damages that allegedly flow from the aforesaid requested relief. The relief requested by Plaintiff is inextricably intertwined with the mortgage foreclosure judgment rendered against Plaintiff in the Court of Common Pleas of Philadelphia County. Rescission of the mortgage lien will improperly negate the state court's judgment and prevent the state court from enforcing its own orders.

The case law cited by Plaintiff is not new and does not and does not represent a shift in legal authority which would support reconsideration of the Court's dismissal order. None of the cases cited by Plaintiff were decided after this Court entered judgment

or after Plaintiff filed her response to Deutsche Bank's Motion to Dismiss, and therefore clearly could have been incorporated into Plaintiff's original opposition to Deutsche Bank's Motion.   Further, the cases cited by Plaintiff do not emanate from this jurisdiction and are not precedential upon this Court.

Notably, Plaintiff's authority actually supports the Court's dismissal under the Rooker-Feldman doctrine.  In <u>Kafele v. Lerner, Sampson & Rothfuss</u>, 161 Fed.Appx. 487 (6th Cir. (OH) 2005), disgruntled borrowers sued their mortgage companies and others for fraud after state court mortgage foreclosure judgments were entered against them.  The *Kafele* Plaintiffs claimed that the mortgage company defendants committed fraud, and violated other laws, by filing the foreclosure actions against them.  161 Fed.Appx. 487, 489.  The Sixth Circuit Court of Appeals upheld the District Court's dismissal of the claims against defendant mortgage companies based upon the *Rooker-Feldman* doctrine:

> The district court in this case was correct in ruling that it had no subject matter jurisdiction over the plaintiffs' claims under the *Rooker-Feldman* doctrine.  That the plaintiffs' claims are indeed "inextricably intertwined" is evident from the fact that there is simply no way for this or any other court to grant relief without disturbing the judgments of foreclosure entered by the state court.  Each of the myriad and vague claims set forth by the plaintiffs rests on the premise that the state court entry of foreclosure was invalid.

<u>Kafele</u>, 161 Fed.Appx. 487, 490.

Inasmuch as the Court correctly determined that it does not have jurisdiction over Plaintiff's claims and requested relief under the *Rooker-Feldman* doctrine, Plaintiff's Motion for Reconsideration should be denied.

**IV.     PLAINTIFF'S MOTION TO AMEND SHOULD BE DENIED**

 Plaintiff's request to amend the Complaint is a blatant attempt to avoid the application of the *Rooker-Feldman* doctrine and this Court's July 28, 2009 Order.  It is untimely, in bad faith and futile.  Therefore, Plaintiff's Motion to Amend should be denied.

Plaintiff's request to amend the Complaint after the judgment has already been entered against Plaintiff is clearly untimely.   Plaintiff had full opportunity to seek amendment after Deutsche Bank filed its Motion to Dismiss.   At that point, Plaintiff certainly was aware of the application of the *Rooker-Feldman* doctrine.   Therefore, her attempt to "cure" could have been made at that juncture.  It was not.  Plaintiff also had an opportunity to seek amendment during the seven months that Deutsche Bank's Motion was pending before the Court.  She did not.

The timing of Plaintiff's request to amend evidences bad faith on the part of Plaintiff.  Plaintiff has had the opportunity to litigate her claims for the last four years in both the state court and bankruptcy court.   Having lost in those courts, Plaintiff then attempted to relitigate the issues in the District Court.   Now that Plaintiff has lost in the District Court, she wants a fourth bite of the apple by seeking to amend the Complaint to assert claims which Plaintiff apparently believes will allow her to endlessly litigate and relitigate the same claims that other courts have already decided upon.   There is no good faith basis for the proposed amendments to the Complaint.

Plaintiff's request to amend the Complaint should also be denied because the purported amendment is futile.   Federal of Civil Procedure 9(b) requires that, "the circumstances constituted fraud or mistake shall be stated with particularity. "  Fraud

8

must normally be pled with specifics concerning time, place, speaker, and the content of the alleged misrepresentation. <u>Johnson v. Robinson</u>, 292 B.R. 821, 827 (E.D.Pa.Bankr.2003).  "The purpose of such specificity is to give the defendants a reasonable opportunity to answer the complaint and to place defendants on notice of the precise misconduct with which they are charged, and to safeguard Defendants against spurious charges of immoral and fraudulent behavior."  <u>Id</u>. *quoting* <u>Ross v. A.H. Robbins Company</u>, 607 F.2d. 545, 557-58 (2d.Cir.1979), *cert. denied* 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed.2d. 802 (1980); <u>Seville Indus. Machinery v. Southmost Machinery Corp</u>, 742 F.2d 786, 791 (3d.Cir.1984), *cert. denied*, 469 U.S. 1211, 105 S.Ct. 1179, 84 L.Ed.2d 327 (1985).

Here, Plaintiff has failed to provide **any** allegation of fraud against Deutsche Bank.  Additionally, Plaintiff does not include a proposed amended Complaint containing allegations of fraud – general or specific.  Based upon the lack of any general or specific allegation of fraud, it is clear that the addition of a fraud claim against Deutsche Bank would not withstand a Motion to Dismiss. Amendment would therefore be futile.

V.   **PLAINTIFF'S ATTEMPT TO HAVE THE STATE LAW CLAIMS "REMANDED" TO STATE COURT IS WITHOUT LEGAL OR FACTUAL BASIS**

While unclear, it appears that Plaintiff has, in the alternative, requested that the Court vacate its judgment on Plaintiff's state law claims and somehow "remand" those claims back to state court.  No procedural or legal grounds have been cited by Plaintiff in support of Plaintiff's extraordinary request.

This Court has entered a final judgment as to **all of Plaintiff's claims**.  A request to segregate the state law claims from the Court's judgment is improper.  As stated

9

above, the Court correctly ruled that all of Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.  As such, the District Court's review of both the state law and federal claims is barred.

Further, it is Plaintiff which filed this case in District Court.  Therefore, this Court had the authority to make a preliminary determination on whether it had subject matter jurisdiction to review Plaintiff's claims.  The Court has made that determination as to all of the claims.  Plaintiff's attempt to salvage certain claims and litigate them again, for the fourth time, in state court, should not be allowed.

## VI.    CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion for Reconsideration and request to amend the Complaint.


Respectfully,


Kaplin Stewart Meloff Reiter & Stein, P.C.


 /s/  Sandhya M. Feltes            #3018
Sandhya M. Feltes, Esq.
Union Meeting Corporate Center
910 Harvest Drive
Blue Bell, PA 19422
(610) 941-2561
(610) 684-2011 fax
Attorney for Defendant Deutsche Bank National Trust Co.


10

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, I caused to be served a true and correct copy of Defendant Deutsche Bank National Trust Company's Response in Opposition to Plaintiff's Motion for Reconsideration, upon the following via ECF Electronic Notification:

Matthew B. Weisberg
Prochniak Poet & Weisberg, P.C.
7 South Morton Avenue
Morton, PA  19070

Kaplin Stewart Meloff Reiter & Stein, P.C.

/s/  Sandhya M. Feltes        #3018
Sandhya M. Feltes, Esq.
Union Meeting Corporate Center
910 Harvest Drive
Blue Bell, PA 19422
(610) 941-2561
(610) 684-2011 fax
Attorney for Defendant Deutsche Bank National Trust Co.